[Crim. No. 6808. Fourth Dist., Div. One. Jan. 21, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
RICKY DARNELL TURNER, Defendant and Appellant.

## COUNSEL

Michael McGlinn, under appointment by the Court of Appeal, and Paul Bell for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, and Conrad D. Peterman, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Ricky D. Turner appeals the order revoking his probation and the judgment sentencing him to prison.

On December 15, 1972, Turner pled guilty to a charge of burglary with the stipulation that any time served would be local. At sentencing the trial court rejected the stipulation. Turner withdrew his plea, a new information was filed, and a trial was begun. Following a mistrial, a new guilty plea was entered on September 12, 1973, in which Turner's prior conviction was stricken and local time was stipulated; on October 3, 1973, he was granted three years' probation.

There was an armed robbery of the T G & Y store in National City on October 30, 1973. Although Turner was charged with this crime, charges were dropped when eyewitnesses were unable to identify him as the perpetrator. On March 22, 1974, Turner's probation was revoked; on April 4, 1974, he was sentenced to prison for the term prescribed by law.

■ Turner now complains he was denied due process and the opportunity to confront witnesses because police reports covering the investigation of the robbery were accepted into evidence at the hearing. He argues these interviews with witnesses are hearsay which were not properly introduced as past recollection recorded (Evid. Code, § 1237) or as prior inconsistent statements (Evid. Code, §§ 770, 1235). The proceeding against Turner was a probation revocation hearing, not a criminal trial.

■ " 'We emphasize there is no thought to equate this second stage of parole revocation [the hearing prior to final decision] to a criminal

prosecution *in any sense*. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.' " (Italics added.) (*In re Thomas,* 27 Cal.App.3d 31, 36 [103 Cal.Rptr. 567], quoting *Morrissey* v. *Brewer,* 408 U.S. 471, 489 [33 L.Ed.2d 484, 499, 92 S.Ct. 2593].)

Whether the report is admissible in a criminal trial is not controlling; rather we look to see if the court "has reason to believe the facts disclosed by such sources." (*In re Cook,* 67 Cal.App.2d 20, 26 [153 P.2d 578].) Here the investigation was undertaken and the report was compiled immediately after the robbery while the memories of the witnesses were fresh; the report contained the accounts of two eyewitnesses and several alibi witnesses, not just the officers' conclusions; the report was prepared by the officers in the course of their official duties. There was no error in admitting it under these circumstances.

 Turner claims he was denied the opportunity to confront some of the alibi witnesses whose statements were in the police report but who were not called to testify. However, when, as here, Turner did not ask to confront and cross-examine the witness there is no denial of confrontation (*In re Melendez,* 37 Cal.App.3d 967, 974 [112 Cal.Rptr. 755]). In addition, if they had testified none of these witnesses would have been adverse to Turner. Each said he was with Turner at the time the crime was committed or he had seen the incident and could not identify the perpetrator. If Turner had wished, he could have called any or all of these persons as witnesses. The right to confront witnesses applies only to witnesses against Turner (U.S. Const., Sixth Amend.). Turner was not denied his right to confrontation.

 Next Turner attacks the fact he was sentenced to prison rather than county jail when his probation was revoked. First, he contends his plea was coerced by a "smooth talking District Attorney"; next he suggests he did not understand the bargain because he was not told a violation of probation could result in a prison sentence. Both of these arguments question the validity of the original plea bargain. Thus, they must be dismissed because no written statement or certificate of probable cause (Pen. Code, § 1237.5) was filed within the time set out by rule 31(d) California Rules of Court. (*People* v. *Delles,* 69 Cal.2d 906, 909 [73 Cal.Rptr. 389, 447 P.2d 629].)

■ In addition, Turner complains the court, having accepted the bargain, did not follow its agreed terms. When the defendant is contesting the court's sentencing after a guilty plea, Penal Code section 1237.5 does not apply and the judgment is appealable. (*People* v. *Delles, supra,* 69 Cal.2d 906, 909.) Here Turner pled guilty to a charge of burglary; he bargained for local time; he received probation. Probation was a more, not less, lenient sentence than Turner bargained for. There was nothing in this plea providing for what would happen if probation were violated. Needless to say, such a bargain would be difficult to negotiate since neither party would know in advance what the violation of probation might be. Here, after the violation occurred, there was no plea bargain involved because the bargain contemplated the initial sentencing proceeding only. It was within the discretion of the trial court to look at the situation anew, to continue or revoke probation, to commit Turner to the Youth Authority, a local or a state institution. There was no abuse of discretion.

Judgment affirmed.

Whelan, J., and Cologne, J., concurred.

A petition for a rehearing was denied February 5, 1975, and appellant's petition for a hearing by the Supreme Court was denied March 19, 1975.