[Crim. No. 11312. Fourth Dist., Div. One. Mar. 7, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN CHARLES BURDEN, Defendant and Appellant.

COUNSEL

Harland W. Braun for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WIENER, J.—Defendant appeals from an order revoking probation granted after the imposition of sentence upon his conviction in a jury trial of grand theft (Pen. Code, § 487, subd. 1) and conspiracy to commit grand theft (Pen. Code, §§ 182, subd. 1, 487, subd. 1). He attacks the condition of his probation which provides that he "not involve himself in the obtaining of loans from financial institutions" as invalid and contends the court prejudicially erred in admitting hearsay testimony during his revocation hearing. As we will explain neither argument has merit. We affirm the order.

*Procedural Background*

Defendant was named and charged in 5 counts in a 31-count indictment returned on June 21, 1974. On June 27, 1975, he was convicted by a jury of three counts of grand theft and one count of conspiracy to commit grand theft. On August 25, 1975, Judge Franklin B. Orfield, the judge who had presided over the trial, granted defendant probation for a period of five years on the conditions, inter alia, he serve a total of two years in local custody and "not involve himself in the organization and promotion of corporations, and not involve himself in the obtaining of loans from financial institutions." (Condition 2.) Defendant was released from custody on August 16, 1976.

On September 28, 1978, a notice to show cause was filed with copies mailed to defendant and his counsel alleging a violation of condition 2 and setting November 13, 1978, as the date for hearing on revocation of probation. The form of the notice to show cause included a statement of defendant's rights under *People v. Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]. From time to time thereafter by agreement between counsel the hearing was continued. The evidentiary hearing started on February 14, 1979, and continued through the 16th. The court revoked defendant's probation on March 5, 1979. On May 24, 1979, probation was reinstated and extended for two years conditioned upon defendant serving an additional six months in custody.

*Probation Condition 2 Is Valid*

This court affirmed defendant's conviction in *People v. Burden*, 4 Crim No. 8213. ▇ In that appeal defendant neither raised nor chal-

lenged the validity of his probationary terms. Having failed to do so at that time he may not do so now. (See *People* v. *Vest* (1974) 43 Cal. App.3d 728, 731 [118 Cal.Rptr. 84].) Moreover, even during the course of the present revocation proceedings defendant did not question the terms of his probation. Nevertheless, regardless of defendant's waiver of his right to appeal on this issue, we address the merits of his argument.

Burden complains condition 2 prevents him from living in a modern society because he is prohibited from "buying a car, charging a meal, buying a home, and numerous legal and necessary activities." Undoubtedly defendant's commercial activities have been and now are restricted because of his probationary status.

A condition of probation which "forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].) Defendant's conviction involved grand theft in which he used false financial statements to obtain bank loans. It would hardly have been appropriate for the court to have allowed defendant, a promoter with unique sales ability, to remain on probation after his grand theft conviction and enter freely into the marketplace to resume merely where he had left off. Condition 2 read in conjunction with the condition prohibiting defendant from organizing and promoting corporations is valid.

*The Admission of Hearsay Testimony at Defendant's Revocation Hearing Did Not Deny Him Due Process of Law*

Defendant asserts the "narrow issue of this appeal is whether hearsay of the sort adduced at [his hearing] is admissible." His argument implies the *sole evidence* before the court which resulted in the revocation was hearsay testimony. Before we reach the legal question, it is helpful to summarize the record to place defendant's characterization of the issue in perspective.

The proceedings to revoke probation started in September 1978, approximately four and one-half months before the evidentiary hearing. During that period both defendant—lawyer trained, sophisticated and knowledgable—and his counsel prepared for the hearing. The documentary evidence presented at that hearing included affidavits/declarations signed by witnesses favorable to defendant some of which were drafted

at least in part by defendant working alone or with his attorney. In addition to the documentary evidence—a total of 25 exhibits; exhibits A-U were introduced by defendant—the court heard from defendant both on direct and cross-examination and in response to the court's questioning.

Defendant does not, nor could he, challenge the order of revocation on the grounds of insufficiency of the evidence for there is substantial evidence to support the finding that defendant was involved in obtaining a $400,000 short term loan for a real estate project in which he had, at least prospectively, a financial interest. He has asked us to focus on the error which permitted hearsay evidence from witnesses whom he contends, as a matter of due process, he was entitled to confront and cross-examine.

■ The statute (Pen. Code, § 1203.2, subds. (a), (b)) and precedent expressly authorize the use of hearsay testimony in a revocation proceeding. (*People* v. *Vickers, supra*, 8 Cal.3d 451, 457-458, quoting from *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 489 [33 L.Ed.2d 484, 499, 92 S.Ct. 2593, 2604] ["'[T]he process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.'"]; see also *In re Thomas* (1972) 27 Cal.App.3d 31, 34-35 [103 Cal.Rptr. 567]; *People* v. *Turner* (1975) 44 Cal.App.3d 753, 756 [118 Cal.Rptr. 924]; *People* v. *Buford* (1974) 42 Cal.App.3d 975, 982-983 [117 Cal.Rptr. 333]; *People* v. *Rafter* (1974) 41 Cal.App.3d 557, 561 [116 Cal.Rptr. 281].) The rub arises where the use of the affidavits or other hearsay impinges on defendant's right to confront and cross-examine witnesses. Under such circumstances, as *Vickers* indicates, there should be a hearing to determine whether there is good cause to excuse confrontation. Where good cause exists no problem arises. Where good cause does not exist and the testimony is essential for revocation, due process requires defendant's probation not be revoked.

Here, defendant had an extended period of time to prepare for the hearing. Working with the assistance of his lawyer they did not depose the hearsay declarant Alidor or request his personal appearance. During the course of the proceedings defendant did not request a continuance to obtain sworn testimony from Alidor nor request his personal appearance. Having failed to do so after what appears from the entire record to have been a deliberate tactical choice, defendant cannot complain now about Alidor's absence at the hearing.

We are reluctant, however, to base our decision on waiver for the spirit of due process requires more. Maloney's phone call undoubtedly triggered the investigation of defendant which led up to the issuance of the notice to show cause. Alidor's statements corroborating Maloney were also instrumental at the start of the investigative process. But at the hearing itself, hearsay from Alidor and Maloney played only a small part in the evidentiary picture. The key testimony was from the banker, Davis. He was personally present at the hearing. His declaration was received in evidence without cross-examination. That evidence along with Burden's testimony and the documentary evidence was ample to support the finding of defendant's violation of probation.

Defendant received every benefit the law permits in a revocation of probation proceeding. The determination by the court was well reasoned and thoughtful. Defendant was not denied due process of law.

*Disposition*

Judgment affirmed.

Staniforth, Acting P. J., and Henderson, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 8, 1980.

The United States Supreme Court denied a petition for writ of certiorari on November 10, 1980.

---

*Assigned by the Chairperson of the Judicial Council.