[Crim. No. 41772. Second Dist., Div. Five. Oct. 5, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY GEORGE BOOKASTA, Defendant and Appellant.

COUNSEL

Hecht, Diamond & Greenfield and Roger Jon Diamond for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Carol Wendelin Pollack and Christine C. Franklin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CHOTINER, J.*—Defendant appeals from a judgment finding him in violation of probation and the order modifying probation.

ISSUES PRESENTED

The issues presented by this appeal are:

(1) If a defendant sentenced pursuant to a plea bargain violates probation is the court still bound by the plea bargain?

(2) May a court impose a jail term upon modifying probation following a violation of probation?

(3) Was the court justified in finding defendant in violation of probation where he failed to make restitution payments and report to the probation officer as ordered by the court?

(4) Must credit be given for time in custody between arrest following revocation of probation and modification of probation upon finding defendant in violation of probation?

FACTS

On August 29, 1980, defendant was sentenced following entry of a plea of nolo contendere to a charge of grand theft (Pen. Code, § 487, subd. 1). A plea bargain had been entered into whereby there would be no imposition of custody and the charge would be reduced to a misdemeanor upon successful completion of probation. Proceedings were suspended and probation was granted for a period of three years on the following conditions, inter alia:

(1) Make restitution through probation officer in such amount and manner as officer shall prescribe. Six thousand three hundred eighty-five dollars was the amount of restitution stipulated to by counsel at the time the plea was entered.

---

*Assigned by the Chairperson of the Judicial Council.

(2) Obey all laws, orders, rules and regulations of the probation department and of the court. The matter was continued to November 26, 1980, for a progress report to include the amount of restitution determined, payment schedule and the amount of restitution paid to date.

Defendant reported to his probation officer in September and October 1980, and failed to report thereafter. On November 26, 1980, defendant appeared and requested a probation violation hearing which was continued to December 17, 1980. When the court called the matter the afternoon of December 17, defendant was not present, probation was revoked and a bench warrant was issued.

Defendant was arrested November 24, 1981,[1] pursuant to the bench warrant. He appeared in court December 1, 1981, and was remanded to custody. On the date of defendant's arraignment on the probation violation a relative paid the full amount of restitution to the victim by two checks, one of which was postdated December 15, 1981. Prior to the probation violation hearing held December 22 and 23, 1981, defendant filed a motion to either compel enforcement of the plea bargain or, in the alternative, to withdraw his no contest plea. The court found defendant to be in violation of probation and denied his motions to compel performance of the plea bargain or to withdraw his previously entered plea. Defendant was reinstated on probation and ordered to serve 180 days in the county jail, at the conclusion of which probation would terminate. Credit for the time spent in custody from the date of arrest on the bench warrant to the date of the probation violation hearing was denied.

## DISCUSSION

We will discuss each point in the aforementioned order.

■ 1. *If a defendant sentenced pursuant to a plea bargain violates probation is the court still bound by the plea bargain?*

A consummated plea bargain is not a perpetual license to a defendant to violate his probation. The plea bargain does not insulate a defendant from the consequences of his future misconduct. "A defendant gets the

---

[1]Although counsel for both parties refer to the date of arrest as being November 25, 1981, in their briefs, the date of arrest was November 24, 1981.

benefit of his bargain only once. Like time, a plea bargain once spent is gone forever." (*People* v. *Jones* (1982) 128 Cal.App.3d 253, 262 [180 Cal.Rptr. 228].) In *People* v. *Turner* (1975) 44 Cal.App.3d 753, 757 [118 Cal.Rptr. 924], as in this appeal, there was nothing in the plea providing for what would happen if probation were violated. "Needless to say, such a bargain would be difficult to negotiate since neither party would know in advance what the violation of probation might be. . . . [A]fter the violation occurred, there was no plea bargain involved because the bargain contemplated the initial sentencing proceeding only." (*People* v. *Turner, supra.*) If a defendant violates probation he may be sentenced accordingly notwithstanding the terms of any plea bargain. (*People* v. *Allen* (1975) 46 Cal.App.3d 583, 590 [120 Cal.Rptr. 127].) Under the circumstances of this case, as previously discussed, the trial court properly denied defendant's motion for specific performance of the plea bargain or, in the alternative, to withdraw his plea.

■ 2. *May a court impose a jail term upon modifying probation following a violation of probation?*

At any time during the period of probation a court may modify probation if it has reason to believe that defendant has violated any of the conditions of his probation. (Pen. Code, § 1203.2, subds. (a) and (b); *People* v. *McClean* (1955) 130 Cal.App.2d 439, 444 [279 P.2d 87].) After a probation violation occurs the trial court has the discretion to look at the situation anew. It may continue or revoke probation and commit defendant to county jail or state prison, depending upon the circumstances of the case. (*People* v. *Turner, supra*, 44 Cal.App.3d 753, 757.) The trial court therefore properly imposed a county jail term upon modifying probation.

■ 3. *Was the court justified in finding defendant in violation of probation where he failed to make restitution payments and report to the probation officer as ordered by the court?*

Defendant made no payments toward the order of restitution until after probation had been revoked and he had been arrested pursuant to the bench warrant. A relative made the payment in full on the date defendant was remanded to custody awaiting a probation violation hearing. Furthermore, one of the two checks used to make the payment was postdated. Defendant's contention is without merit that no violation occurred because the full amount of restitution was paid. He ignores

the fact that the court had ordered restitution paid through the probation officer in such amount and manner as prescribed by the probation officer. The probation officer established a monthly payment schedule with which defendant totally failed to comply for a period of more than 15 months. Defendant was also ordered to obey all orders, rules and regulations of the probation department. The probation officer established a monthly reporting period with which defendant complied for only the first two months. Where a defendant fails to comply with conditions of probation a court does not abuse its discretion in revoking the order granting probation and taking further action. (*People* v. *McClean, supra,* 130 Cal.App.2d 439, 445.) The trial court manifestly was justified in finding defendant in violation of probation.

4. *Must credit be given for time in custody between arrest following revocation of probation and modification of probation upon finding defendant in violation of probation?*

The People correctly agree with defendant's contention that he is entitled to credit for the time spent in custody between his arrest following revocation of probation and the date on which probation was modified by imposing a 180-day county jail term. (Pen. Code, § 2900.5, subd. (a); *People* v. *Guthrie* (1979) 97 Cal.App.3d Supp. 53, 56-57 [159 Cal.Rptr. 171].)

An additional issue to be addressed is the determination of the additional "good time/work time" credits pursuant to Penal Code section 4019. Section 4019, subdivision (a)(1) provides that all days of custody from the date of arrest to the date on which the serving of the sentence commences shall include "good time/work time" credits in the absence of a record showing loss of such credit. (*In re Allen* (1980) 105 Cal.App.3d 310, 313-315 [164 Cal.Rptr. 319]; *People* v. *Galloway* (1980) 107 Cal.App.3d 709, 713 [165 Cal.Rptr. 771]; *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874].) One day of conduct credits is given for each two days of presentence jail custody actually served. (*People* v. *McMillan* (1980) 110 Cal.App.3d 682, 686 [167 Cal.Rptr. 924].)

It is unnecessary to address other arguments raised by defendant in deciding this appeal.

The judgment is modified to provide that defendant be given credit for 30 days of actual custody plus credit for 15 days of good time/work time. As so modified, the judgment is affirmed.

Ashby, Acting P. J., and Hastings, J., concurred.

On November 4, 1982, the opinion was modified to read as printed above.