[Nos. A054371, A054372, A054373. First Dist., Div. Two. Feb. 7, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN DONALD MARTIN, Defendant and Appellant.

## Counsel

Ronald E. Moe, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Aileen Bunney, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**KLINE, P. J.**—Steven Donald Martin appeals from convictions entered upon pleas of nolo contendere in three separate cases. He claims he was denied due process when he was sentenced in the first of the cases without a prior hearing on revocation of his previously granted probation; the trial court violated the plea bargain in that case by sentencing him to a prison term exceeding that specified in the plea bargain; and the court erred in imposing consecutive sentences.

### STATEMENT OF THE CASE AND FACTS

On November 6, 1990, an information was filed in the Solano County Superior Court charging appellant with residential burglary (Pen. Code,

§ 459)[1] and petty theft with prior convictions (§ 666). It was further alleged that the residential burglary was a serious felony (§ 1192.7, subd. (c)(18)) and presumptively precluded probation (§ 462). The probation report reveals that the charges arose from an incident on October 12, 1990, in which appellant broke into his mother's home, emptied liquor bottles and refilled them with water, and took a television set, videocassette recorder (VCR), microwave oven and fan.

Appellant pled not guilty on November 9. On November 30, he changed his plea to nolo contendere on the residential burglary charge on condition that he be sentenced to no more than the low term of two years in state prison or placed on probation with residential treatment. The petty theft charge was dismissed. On January 30, 1991, the court found unusual circumstances for granting probation and placed appellant on probation for three years with conditions including that he serve one hundred eighty days in county jail and commit himself to a specified treatment program. On May 6, the court was notified that appellant had violated the terms of his probation by leaving the treatment program without permission. Probation was revoked and a bench warrant issued.

On May 10, a complaint was filed in Solano County Municipal Court charging appellant with second degree robbery (§ 211), vehicle theft (Veh. Code, § 10851, subd. (a)), and residential burglary (§ 459), with allegations that the robbery and burglary were serious felonies (§ 1192.7, subds. (c)(18), (c)(19)) and the burglary presumptively precluded probation (§ 462). According to the probation report, on May 7 appellant confronted Clarence Russell as he was placing a bag of groceries into his car, took Russell's keys and drove off in the car. After driving to Fairfield to pick up a companion, appellant returned to Vallejo, broke into his mother's home and took a television set and a fifth of vodka. On May 28, appellant pled nolo contendere to the charges of robbery and burglary and the prosecutor dismissed the count of vehicle theft. The matter was certified to superior court for sentencing.

On May 30, another complaint was filed in Solano County Municipal Court charging appellant with residential burglary (§ 459) and receiving stolen property (§ 496, subd. 1), with allegations that the burglary was a serious felony (§ 1192.7, subd. (c)(18)) and presumptively precluded probation (§ 462). The incident underlying these charges also occurred on May 7, when appellant broke into the home of Deborah Blanc sometime before noon and took bottles of liquor, a VCR, a cable television control box, a television set, a portable telephone, money and jewelry. On June 13, appellant pleaded

---

[1]All further statutory references will be to the Penal Code unless otherwise specified.

nolo contendere to the burglary charge, the other charge was dismissed and the matter was certified to superior court for sentencing.

Sentencing in all three cases took place on July 5. Appellant received a total of seven years and eight months in state prison: In No. A054371, the middle term of four years on the burglary (the principal term); in No. A054373, one-third middle terms of one year for the robbery and sixteen months for the burglary; and in No. A054372, the one-third middle term of sixteen months for the burglary.

Notice of appeal in all three cases was filed on July 17, 1991.

DISCUSSION

I.

 Appellant contends he was denied due process because no hearing was held prior to formal revocation of his probation and imposition of sentence in No. A054371. "Before probation can be finally and formally revoked written notice of the claimed violation must be given to the probationer, the evidence against him must be disclosed, he must be given an opportunity to be heard in person and to present witnesses and documentary evidence, he must be able to confront and cross-examine adverse witnesses, a neutral and detached hearing body must consider the matter, and a written statement of the fact finder must be prepared as to the evidence relied upon and the reasons for revocation." (*People* v. *Santellanes* (1989) 216 Cal.App.3d 998, 1003 [265 Cal.Rptr. 281].) "[E]ven when a probationer has been duly convicted of a new crime, he is entitled to a formal revocation hearing before his probation is revoked and sentence is imposed on the prior offense." (*People* v. *Coleman* (1975) 13 Cal.3d 867, 895, fn. 22 [120 Cal.Rptr. 384, 533 P.2d 1024]; *People* v. *Avery* (1986) 179 Cal.App.3d 1198, 1204 [225 Cal.Rptr. 319].)

 The record in the present case discloses neither a formal probation revocation hearing nor an express waiver by appellant of his right to such a hearing. As respondent urges, however, it would appear appellant in fact waived his right to insist on a revocation hearing by filing a statement in mitigation which acknowledged that he would be sentenced on all three cases and failing to object at the sentencing hearing either to the sentencing procedure or to the grounds for revocation. Moreover, even if we were to conclude it was error to sentence appellant without a prior hearing, remand would be a meaningless gesture. Appellant admitted the fact of the probation violation in his statement to the probation officer. Since the offense in

No. A054371 presumptively precluded probation, probation was granted in the first place only upon the court's finding that unusual circumstances existed such that a grant of probation would serve the interests of justice. (§ 462.) The trial court's statement at the time of sentencing that no unusual circumstances existed to permit a grant of probation and decision to sentence appellant to the middle term on this count make clear that probation would have been revoked if a formal hearing had been held.

II.

■ Appellant next contends that the trial court impermissibly violated the terms of the original plea bargain in No. A054371 by sentencing him to a four-year prison term when the plea bargain provided for a maximum term of two years in prison or probation. He relies on the basic principle that once a plea bargain is accepted by the prosecutor and approved by the court, the defendant may not be sentenced to a punishment more severe than that specified in the plea; if the court withdraws its approval at the time of sentencing, the defendant must be allowed to withdraw the plea. (§ 1192.5; *In re Falco* (1986) 176 Cal.App.3d 1161, 1165 [222 Cal.Rptr. 648].)

Several cases have concluded that where a defendant granted probation as part of a plea bargain violates that probation, subsequent sentencing is not limited by the terms of the original plea. (*People* v. *Bookasta* (1982) 136 Cal.App.3d 296, 299-300 [186 Cal.Rptr. 193]; *People* v. *Jones* (1982) 128 Cal.App.3d 253, 262 [180 Cal.Rptr. 228]; *People* v. *Turner* (1975) 44 Cal.App.3d 753, 757 [118 Cal.Rptr. 924]; see *People* v. *Allen* (1975) 46 Cal.App.3d 583, 590 [120 Cal.Rptr. 127].) "A consummated plea bargain is not a perpetual license to a defendant to violate his probation. The plea bargain does not insulate a defendant from the consequences of his future misconduct. 'A defendant gets the benefit of his bargain only once. Like time, a plea bargain once spent is gone forever.' " (*People* v. *Bookasta, supra,* 136 Cal.App.3d at pp. 299-300, quoting *People* v. *Jones, supra,* 128 Cal.App.3d at p. 262.)

Appellant relies upon the exception to this line of cases, *People* v. *Alkire* (1981) 122 Cal.App.3d 119 [175 Cal.Rptr. 819]. In that case, the defendant pled guilty upon the court's promise that further custody, if any, would not exceed the mitigated term of two years and was granted probation under a suspended imposition of sentence; when his probation was revoked, he was sentenced to three years. Reversing, the court focussed first upon section 1203.2, subdivision (c), which states that upon revocation and termination of probation the court "may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might

have been sentenced." The court concluded that the statutory reference to "longest period for which the person might have been sentenced" could refer either to the maximum term prescribed by law (four years) or to the maximum term allowed under the plea bargain (two years). Construing the perceived ambiguity in favor of the defendant, the court found section 1203.2 limited the defendant's sentence to that specified in the plea bargain. (122 Cal.App.3d at pp. 121-122.)

Additionally, *Alkire* noted rule 435(b)(1) of the California Rules of Court: "(b) Upon revocation and termination of probation pursuant to section 1203.2, when the sentencing judge determines that the defendant shall be committed to prison: [¶] (1) [i]f the imposition of sentence was previously suspended . . . . [¶] [t]he length of the sentence shall be based on circumstances existing at the time probation was granted, and subsequent events may not be considered . . . ."[2] (122 Cal.App.3d at p. 122, italics omitted.) Because at the time probation was granted the defendant's sentence was limited by the terms of the plea bargain, the court found that bargain was "the only relevant circumstance existing when probation was granted." (*Ibid.*, italics omitted.) The court also apparently viewed the trial court's promise that "further custody," if any, would not exceed two years as forever limiting the length of the defendant's potential sentence. (*Id.*, at p. 124.)

The dissent in *Alkire* noted that in context the promise relating to "further custody" concerned only custody immediately following the defendant's commitment for a diagnostic study under section 1203.03, not sentencing after a probation revocation. (122 Cal.App.3d at p. 126, dis. opn. of Cologne, J.; see *People* v. *Jones, supra,* 128 Cal.App.3d at p. 261.) The dissent found that the language of section 1203.2, subdivision (c), clearly referred to the maximum term prescribed at law, not that provided in a plea bargain, since the relevant language in the statute had been in the codified law since 1903 (see § 1203, as amended by Stats. 1903, ch. 34) while plea bargaining was not officially recognized until 1970. (122 Cal.App.3d at pp. 129-130.) As for rule 435(b)(1), the dissent rejected the majority's inclusion of the plea bargain in the "circumstances" referred to in the rule because the term "circumstances" is used in the sentencing rules to refer to the crime or the defendant, not a bargained sentence. (122 Cal.App.3d at p. 129; see rules 411.5 [formerly rule 419], 421(a) and (b); 423(a) and (b), 425(a).)

As did the court in *People* v. *Jones, supra,* 128 Cal.App.3d at page 262, we conclude Justice Cologne "conclusively refuted" the majority analysis in *Alkire*. The plea bargain in the present case made no mention of what would happen if probation were violated. " '[A]fter the violation occurred, there

---

[2]All further references to rules will be to the California Rules of Court.

was no plea bargain involved because the bargain contemplated the initial sentencing proceeding only.' " (*People* v. *Bookasta, supra,* 136 Cal.App.3d at p. 300, quoting *People* v. *Turner, supra,* 44 Cal.App.3d at p. 757.) "If a defendant violates probation he may be sentenced accordingly notwithstanding the terms of any plea bargain." (*People* v. *Bookasta, supra,* 136 Cal.App.3d at p. 300; *People* v. *Allen, supra,* 46 Cal.App.3d at p. 590.)[3]

### III.

■ Appellant's final contention, that the court erred in imposing consecutive sentences, requires little comment. After selecting the burglary in No. A054371 as the principal term and imposing consecutive one-third middle term sentences for the robbery and burglary in No. A054373 and burglary in No. A054372, the court stated it was selecting consecutive sentencing "because all of these cases are separate, distinct and individual crimes." Appellant urges that the three offenses in No. A054173 and No. A054172 were all committed on the same day, within a short time of each other, in the same general area, for the purpose of obtaining alcohol and while appellant was intoxicated. Rule 425(a)(3), lists as one of the criteria affecting the decision to impose consecutive sentences that "[t]he crimes were committed at different times or separate places, *rather than being committed so closely in time and place as to indicate a single period of aberrant behavior.*" Appellant maintains the offenses fall within the italicized language.

Appellant cites no support for his statement that the offenses occurred within "a very short time of each other": While the probation report in No. A054372 makes clear that the burglary was perpetrated before noon on May 7, the report in No. A054373 does not state what time of day the offenses were committed. Even the offenses in No. A054373—the robbery of Russell and burglary of appellant's mother's home—were separated by appellant's travel to Fairfield to pick up a companion and return to Vallejo. The two burglaries and the robbery were each committed at a different location against a different victim. Obviously, these offenses were committed at different times and places than the burglary in No. A054371, which was

---

[3]In *Allen,* the defendant was granted probation under a plea bargain, a condition of probation was subsequently modified in a manner favorable to the defendant and the People appealed. Noting that the court retains authority "at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence" (§ 1203.3, subd. (a)), *Allen* stated: "Defendant received probation under the precise conditions 'specified in the plea,' and to the extent that the analogy of a plea bargain to a contract with the court is apt, the court fulfilled its responsibilities." (46 Cal.App.3d at p. 590.) While, as appellant urges, the case differs from the present in that it involves a change favorable to the defendant, *Allen's* analysis was based in part upon the fact that "post-judgment modification of probation can make the ultimate disposition of the case more onerous to the defendant than originally bargained for." (*Ibid.*)

perpetrated on October 12, 1990. The court did not abuse its discretion in failing to find a "single period of aberrant behavior."

The judgment is affirmed.

Smith, J., and Benson, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 23, 1992.