[No. D015315. Fourth Dist., Div. One. Feb. 8, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
SHANNON HOPSON, Defendant and Appellant.

## COUNSEL

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, M. Howard Wayne and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BENKE, Acting P. J.**—Shannon Hopson appeals a judgment on his two convictions of taking or driving a vehicle (Veh. Code, § 10851).

In CR94974 in March 1988 Hopson was found in a stolen Datsun. In CR97210 on July 17, 1988, he was driving a stolen Toyota with a switched vehicle identification number. Hopson entered negotiated guilty pleas in both cases conditioned on being "sentenced to no more than the middle term of two years in state prison, the [Penal Code section] 12022 [charge] will be stricken, and any custody imposed in this case and any custody imposed in CR94974 will not exceed the two-year period and will be concurrent." The court suspended imposition of sentence and placed Hopson on three years' probation. On July 11, 1991, the court revoked probation. It sentenced Hopson to serve the upper term of three years in CR94974 with a consecutive eight months (one-third the middle term) in CR97210. ██ Hopson contends the sentence violated the plea bargain.

We find *People* v. *Turner* (1975) 44 Cal.App.3d 753 [118 Cal.Rptr. 924] controlling. In *Turner*, a condition of the plea bargain was local time. Upon violation of probation, the court sentenced the defendant to prison. The argument made here was rejected:

"[A]fter the violation occurred, there was no plea bargain involved because the bargain contemplated the initial sentencing proceeding only. It was

within the discretion of the trial court to look at the situation anew, to continue or revoke probation, to commit [defendant] to the Youth Authority, a local or state institution. There was no abuse of discretion." (*Id.* at p. 757.)

We recognize our divided panel opinion in *People* v. *Alkire* (1981) 122 Cal.App.3d 119 [175 Cal.Rptr. 819] was to the contrary. *Alkire*, however, has not enjoyed universal approval. Indeed, it is rejected by the clear weight of authority. (See *People* v. *Martin* (1992) 3 Cal.App.4th 482, 487-489 [4 Cal.Rptr.2d 548]; *People* v. *Bookasta* (1982) 136 Cal.App.3d 296, 299-300 [186 Cal.Rptr. 193]; *People* v. *Jones* (1982) 128 Cal.App.3d 253, 262 [180 Cal.Rptr. 228].)

Given the divided nature of the panel in *Alkire*, we have carefully examined its holding, and the cases which have disagreed with it. We find those cases persuasive. Therefore we choose at this time to reject our prior holding in *Alkire*. We adopt instead the admonition noted in *People* v. *Bookasta*, *supra*, at pages 299-300:

"A consummated plea bargain is not a perpetual license to a defendant to violate his probation. The plea bargain does not insulate a defendant from the consequences of his future misconduct. 'A defendant gets the benefit of his bargain only once. Like time, a plea bargain once spent is gone forever.' [Citations.]" (*People* v. *Bookasta*, *supra*, 136 Cal.App.3d at pp. 299-300, quoting *People* v. *Jones*, *supra*, 128 Cal.App.3d at p. 262.)

With our revised position on appellant's issue duly noted, we examine the facts of the case before us.

Here, the trial court placed Hopson on probation at the initial sentencing hearing. It complied with the terms of the plea bargain. When Hopson violated the terms of probation, there was no agreement limiting the court's discretion to impose sentence. The plea bargain form advised Hopson he would face the maximum term if he violated probation. Hopson thus recognized the scope of the two-year limitation prior to entering into the agreement.

The judgment is affirmed.

Huffman, J., and Froehlich, J., concurred.

A petition for a rehearing was denied March 2, 1993, and appellant's petition for review by the Supreme Court was denied April 28, 1993.