TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 95-1207 |
| of | : | |
| | : | June 20, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE LOUISE H. RENNE, CITY ATTORNEY, CITY AND COUNTY OF SAN FRANCISCO, has requested an opinion of the following question:

Does the Ralph M. Brown Act (Gov. Code, §§ 54950-54962) apply to the hearings of a county board of supervisors when acting as the county board of equalization or to the hearings of an assessment appeals board?

CONCLUSION

The Ralph M. Brown Act (Gov. Code, §§ 54950-54962) does not apply to the hearings of a county board of supervisors when acting as the county board of equalization or to the hearings of an assessment appeals board.

ANALYSIS

Article XIII, section 16 of the California Constitution provides for the equalization of property values on local tax assessment rolls by county boards of equalization. It states:

"The county board of supervisors, or one or more assessment appeals boards created by the county board of supervisors, shall constitute the county board of equalization for a county. Two or more county boards of supervisors may jointly create one or more assessment appeals boards which shall constitute the county board of equalization for each of the participating counties.

"Except as provided in subdivision (g) of Section 11, the county board of equalization, under such rules of notice as the county board may prescribe, shall equalize the values of all property on the local assessment roll by adjusting individual assessments.

"County boards of supervisors shall fix the compensation for members of assessment appeals boards, furnish clerical and other assistance for those boards, adopt rules of notice and procedures for those boards as may be required to facilitate their work and to insure uniformity in the processing and decision of equalization petitions, and may provide for their discontinuance.

"The Legislature shall provide for: (a) the number and qualifications of members of assessment appeals boards, the manner of selecting, appointing, and removing them, and the terms for which they serve, and (b) the procedure by which two or more county boards of supervisors may jointly create one or more assessment appeals boards."[1]

This constitutional provision has been implemented by the Legislature (Rev. & Tax Code, §§ 1601-1645.5)[2] and by the State Board of Equalization (Cal. Code Regs., tit. 18, §§ 301-326; hereinafter "Rules"). Implementation by the Legislature, including the requirement that "county boards" shall meet to equalize assessments (§ 1604), can be traced back to 1939. (Stats. 1939, ch. 154.) The Legislature has regularly amended this statutory scheme over the past 50 years, including in its most recently completed session. (See, e.g., Stats. 1995, ch. 498.)

In 1953 the Legislature enacted the Ralph M. Brown Act (Gov. Code, §§ 54950-54962; hereinafter "Brown Act"), generally requiring local governments to hold their meetings in public. The Brown Act has been extensively amended by the Legislature through and including the 1995 legislative session. (See Stats. 1995, ch. 529.)

The question we are asked to resolve is which of these two statutory schemes, sections 1601-1645.5 or the Brown Act, or both, provides the procedural requirements to be followed for the hearings of a county board of supervisors when acting as the county board of equalization or alternatively of an assessment appeals board. We conclude that the hearings are governed by sections 1601-1645.5 rather than the Brown Act.

County boards of equalization and assessment appeals boards act in a quasi-judicial capacity, with their decisions and factual determinations accorded similar deference and respect as judicial decisions. (See *Shubat* v. *Sutter County Assessment Appeals Board* (1993) 13 Cal.App.4th

_____

[1]"[S]ubdivision (g) of Section 11" concerns the taxation of real property owned by local governments. (Cal. Const., art. XIII, § 11, subd. (g).)

[2]All unidentified section references hereinafter are to the Revenue and Taxation Code.

794, 800-801; *Cochran* v. *Board of Supervisors* (1978) 85 Cal.App.3d 75, 80; *Westinghouse Elec. Corp.* v. *County of Los Angeles* (1974) 42 Cal.App.3d 32, 42, fn. 6; *Madonna* v. *County of San Luis Obispo* (1974) 39 Cal.App.3d 57, 61; *A. F. Gilmore Co.* v. *County of Los Angeles* (1960) 186 Cal.App.2d 471, 476.)   The procedures provided by sections 1601-1645.5 and the State Board of Equalization's Rules are tailored to provide quasi-judicial hearings, with administrative law judges often presiding.   Board decisions are based upon evidence taken and submitted, and the hearings resemble those held under the State Administrative Procedure Act (Gov. Code, §§ 11500-11530).   (See §§ 1604-1611.5, 1637-1641.1; Rules 301-326.)[3]   For example, section 1605.4 states:

> "Equalization hearings shall be open and public *except that, upon conclusion of the taking of evidence, the county board may deliberate in private in reaching a decision*.  An applicant may request the board to close to the public a portion of the hearing by filing a declaration under penalty of perjury that evidence is to be presented which relates to trade secrets the disclosure of which will be detrimental to the business interests of the owner of the trade secrets.  If the board grants the request, only evidence relating to the trade secrets may be presented during the time the hearing is closed.  (Italics added.)[4]

In contrast, the Brown Act is tailored for the traditional type of meetings held by boards of supervisors, city councils, and other legislative or administrative bodies which normally conduct their business sessions in public.  For example, legislative bodies of local agencies are required to designate a time for their regular meetings (Gov. Code, § 54954), post an agenda of the business they will conduct (Gov. Code, §54954.2), permit an opportunity for members of the public to address the body (Gov. Code, § 54954.3), give public notice of any special meetings (Gov. Code, § 54956), and justify in open session that any proposed closed session is authorized (see, e.g., Gov. Code, §§ 54956.9, 54957.1, 54957.7).  Of particular relevance to the issues presented herein, Government Code section 54953 states:

---

[3]In this respect we note that the Bagley-Keene Open Meeting Act (Gov. Code, §§ 11120-11132), the counterpart of the Brown Act for state agencies, states:

> "Nothing in this article shall be construed to prohibit a state body from holding a closed session to deliberate on a decision to be reached in a proceeding required to be conducted pursuant to [Gov. Code, §§ 11500-11530]."  (Gov. Code, § 11126, subd. (d).)

[4]Similarly Rule 313 provides in part:

> "(i) Hearings shall be open except that:

> "(l) Upon conclusion of the hearing, the board may take the matter under submission and deliberate in private in reaching a decision, and

> "(2) the board may grant a request by the applicant to close to the public a portion of the hearing relating to trade secrets. . . ."

"All meetings of the legislative body shall be open and public, and all persons shall be permitted to attend any meeting of the legislative body of a local agency, except as otherwise provided in this chapter. . . ."  (Gov. Code, § 54953.)

Government Code section 54962 additionally provides:

"Except as expressly authorized by this chapter, or by Sections 1461, 1462, 32106, and 32155 of the Health and Safety Code or sections 37606 and 37624.3 of the Government Code as they apply to hospitals, or by any provision of the Education Code pertaining to school districts and community college districts, no closed session may be held by any legislative body of any local agency."

There is no mention in the Brown Act of county boards of equalization or county assessment appeals boards.  Accordingly, nothing in the Brown Act authorizes the holding of a closed session by either board.[5]

While we need not detail every difference between the procedural requirements of sections 1601-1645.5 and those of the Brown Act, it is evident that the Legislature has never considered the Brown Act, with its "exclusivity" provisions, to be applicable to county boards of equalization or assessment appeals boards.  Otherwise, the Legislature would not have continued to amend sections 1601-1645.5 after the Brown Act's enactment.

We thus cannot interpret Government Code sections 54953 and 54962 in a manner that would render meaningless the requirements of sections 1601-1645.5.  The Legislature's intent is clear, as demonstrated by its continued refinement of the latter statutory scheme.  Statutes "must be given a reasonable and common sense interpretation . . . which, upon application, results in wise policy rather than mischief or absurdity."  (*People ex rel. Deukmejian* v. *Che, Inc.* (1983) 150 Cal.App.3d 123, 132.)  "Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary."  (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 459.)  "[W]hen a special and a general statute are in conflict, the former controls."  (*Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 420.)  "`[T]he special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.'"  (*In re Williamson* (1954) 43 Cal.2d 651, 654; accord, *People* v. *Gilbert* (1969) 1 Cal.3d 475, 479-480.)

---

[5]In contrast, Government Code section 11126, subdivision (x) provides with respect to the State Board of Equalization:

"Nothing in this article [§§ 11120-11132] shall be construed to prevent the State Board of Equalization from holding closed sessions for either of the following:

"(1) When considering matters pertaining to the appointment or removal of the executive secretary of the State Board of Equalization.

"(2) For the purpose of hearing confidential taxpayers appeals or data, the public disclosure of which is prohibited by law."

In sum, considering (1) the statutory development of sections 1601-1645.5 as they have co-existed with the Brown Act for over 40 years and (2) the need to avoid anomalous and absurd results, we conclude that the Brown Act does not apply either to the hearings of a county board of supervisors when acting as the county board of equalization or to the hearings of an assessment appeals board.

* * * * *