(875 P.2d 1007)

No. 70,047

STATE OF KANSAS, *Appellee*, v. WILLIAM D. OWENS III,
*Appellant*.

Opinion filed
June 17, 1994.

*Max Rowinsky*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Mark Jordan*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ROYSE, P.J., LEWIS, J., and ADRIAN J. ALLEN, District Judge Retired, assigned.

ROYSE, J.: William D. Owens III appeals the district court's imposition of consecutive multiple sentences and its denial of his motion to modify sentences. Owens contends that the district court erred by assuming that his sentences had to run consecutively.

Owens was charged in 91 CR 1929 with one count of misdemeanor theft, one count of attempted misdemeanor theft, and one. count of possession of cocaine. He posted bond and was released pending trial.

A few months later, Owens was charged in 92 CR 396 with one count of possession of cocaine. This alleged crime occurred while Owens was out on bail in 91 CR 1929.

On May 5, 1992, Owens pled guilty in 91 CR 1929 to one count of possession of cocaine. Pursuant to a plea agreement, the State dismissed the other two counts. The plea agreement stated that the State recommended a sentence of 3 to 10 years and 2 years' probation. The agreement also said the State would make the same sentencing recommendation in 92 CR 396 if Owens subsequently pled guilty to the charge in that case. Finally, the

plea agreement recited: "If any revocation, two cases must run consecutive to one another."

On June 25, 1992, Owens pled guilty in 92 CR 396. Pursuant to plea negotiations, the State recommended a sentence of 3 to 10 years and 2 years' probation. The district court proceeded to impose sentence in both 91 CR 1929 and 92 CR 396, ordering that Owens serve a term of 4 to 10 years in each case, with the sentences to run consecutively. The district court commented that the statute required imposition of consecutive sentences. The district court then granted Owens' request for two years' probation.

On November 17, 1992, the State charged Owens in 92 CR 2136 with one count of forgery. After Owens admitted violating the terms of his probation, the district court revoked his probation and ordered Owens to serve the two consecutive sentences of 4 to 10 years. On Owens' plea of guilty to the forgery charge, the district court later imposed a sentence of 1 to 2 years, with that sentence to run consecutive to the earlier sentences.

Owens filed a motion to modify the sentences imposed in all three cases. The district court denied the motion without a hearing.

Owens' sole argument on appeal is that the district court erred by assuming that the sentences in 91 CR 1929 and 92 CR 396 had to run consecutively. Owens maintains that, under the circumstances of this case, K.S.A. 1992 Supp. 21-4608(1) requires a district court to exercise discretion in deciding whether to impose concurrent or consecutive sentences. That subsection states in pertinent part: "When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, . . . such sentences shall run concurrently or consecutively as the court directs."

The State contends that K.S.A. 1992 Supp. 21-4608(4) required the court to impose consecutive sentences in this case. That subsection provides: "Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated shall serve the sentence consecutively to the term or terms under which the person was released." K.S.A. 1992 Supp. 21-4608(4)

has been held to apply to a person released on bond. See *State v. Reed,* 237 Kan. 685, 688, 703 P.2d 756 (1985).

Owens cites *State v. Edwards,* 252 Kan. 860, 852 P.2d 98 (1993), to support his argument. *Edwards* considered the interplay between 21-4608(1) and 21-4608(3), which requires a consecutive sentence for a crime committed while the defendant is on probation, parole, or otherwise conditionally released:

"The record is clear that the trial court believed subsection (3) controlled and, accordingly, that consecutive sentencing was mandatory. We do not agree.

"When a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. Thus, no room is left for statutory construction. [Citation omitted.] General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling. [Citation omitted.] The court is required to strictly construe penal statutes in favor of the accused. This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citation omitted.]

"The legislature may well have intended to make consecutive sentencing mandatory under the circumstances herein, but the clear language of the statute does not so indicate. Under such circumstances there is no room for judicial construction. Subsection (1) is a specific statute applied when all involved sentences occur, as here, *on the same date* and takes precedence over subsection (3) of said statute." 252 Kan. at 869-870.

The analysis in *Edwards* is equally applicable here. " 'The several provisions of an act, *in pari materia,* must be construed together with a view of reconciling and bringing them into workable harmony.' " *Guardian Title Co. v. Bell,* 248 Kan. 146, 151, 805 P.2d 33 (1991). The language of subsections (3) and (4) is nearly identical, and the purpose of those two subsections seems to be to require a consecutive sentence when a defendant commits a crime while on release for a prior felony. These similarities require that subsections (3) and (4) be similarly construed. Subsection (1) takes precedence over subsection (4) under the circumstances of this case.

The State urges that 21-4608 is subject to differing interpretations and should be construed so that subsection (4) prevails over subsection (1). The State asserts the legal community has

long assumed consecutive sentences were mandated for crimes committed under the circumstances set forth in 21-4608(3) and (4).

One problem with the State's position is that the Supreme Court has already noted the "clear language" of the statute leaves "no room for judicial construction." *Edwards,* 252 Kan. at 870. Equally troubling is the practical effect of the State's suggested interpretation. Under *Edwards,* a defendant who commits a crime while on probation may receive a concurrent sentence. A defendant who commits a crime while on bond would, under the State's interpretation, receive a mandatory consecutive sentence. Thus, an individual who commits a second crime while *accused* of a prior crime could receive a harsher sentence than an individual who commits a second crime after being *convicted* of a prior crime. This result is inconsistent and illogical. In addition, the conclusion urged by the State would create confusion in the application of 21-4608.

The State argues that under *State v. Crawford,* 250 Kan. 174, 177, 824 P.2d 951 (1992), Owens may not complain about his consecutive sentences. *Crawford* held that where a defendant enters into a plea agreement containing specific sentence recommendations, asks the court to impose the recommended sentence, and receives the recommended sentence, the defendant cannot later claim error because the district court did not consider the sentencing factors in K.S.A. 21-4601 and K.S.A. 21-4606. The State points out that the plea agreement in 91 CR 1929 recited: "If any revocation, two cases must run consecutive to one another." *Crawford* is distinguishable from this case, however, because Owens did not receive the recommended sentence. Although the parties recommended sentences of 3 to 10 years, the district court imposed sentences of 4 to 10 years.

The State's argument ignores the fact that a trial court has no authority to direct a sentence to run consecutive to a nonexisting sentence which may be imposed in a pending case. *Reed,* 237 Kan. at 690. It is therefore noteworthy that the plea agreement in 92 CR 396 contains no mention of consecutive sentences. Finally, the record makes clear that in this case the district court construed the law to require consecutive sentences: "[B]y statute, the sentences must run consecutively." There is no indication in

the record that the plea agreement in 91 CR 1929 had any impact on the district court's decision to impose consecutive sentences.

For all the foregoing reasons, we conclude that the district court erred by failing to exercise its discretion to determine whether Owens' sentences should run concurrently or consecutively. Owens' sentences in 91 CR 1929 and 92 CR 396 are vacated, and the cases are remanded for resentencing.

Vacated and remanded.