(896 P.2d 1112)

No. 71,843
71,844

STATE OF KANSAS, *Appellee*, v. ROBERT L. RICHMOND, *Appellant*.

Opinion filed June 9, 1995.

*Benjamin C. Wood*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Peter G. Collins*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., LARSON, J., and DANIEL L. LOVE, District Judge, assigned.

BRAZIL, C.J.: Robert L. Richmond appeals the sentences imposed following a guilty plea to three counts of possession of cocaine. He argues that the court erred in ordering him to serve two terms consecutively. He also argues that the State violated the plea agreement. We vacate the sentence and remand for resentencing.

When sentencing Richmond, the court stated that the sentences imposed in 91 CR 1355 would run consecutive to the sentence in 91 CR 1372 as required by statute.

Richmond argues that the trial court erred in ordering the sentences in 91 CR 1355 and 91 CR 1372 to run consecutively. He first argues that the trial court failed to designate whether the terms were concurrent or consecutive when it initially pronounced sen-

tence, implicating *State v. Royse,* 252 Kan. 394, 845 P.2d 44 (1993). In *Royse,* the Kansas Supreme Court held that if a trial court fails to designate concurrent or consecutive terms on the record, they are deemed concurrent, and the court may not later vacate the sentence to impose consecutive terms. 252 Kan. at 396, 398. The trial court here pronounced sentence and, upon immediate inquiry by defense counsel, stated that the terms in 91 CR 1355 and 1372 were to be served consecutively. *Royse* does not apply.

Richmond next argues that the court erred in determining that he was out on bond when arrested the second time. Where the trial court has made a finding of fact, the function of the appellate court is to determine whether the finding is supported by substantial competent evidence. *State v. Ratley,* 253 Kan. 394, 398, 855 P.2d 943 (1993).

An arrest sheet included in the record indicates that Richmond was arrested on August 23, 1991, and charged with two counts of possession of cocaine in 91 CR 1355. He was released on bond the same day. While out on bond, Richmond was arrested for possession of cocaine in 91 CR 1372. There is substantial competent evidence that Richmond committed the second crime while out on bond.

K.S.A. 1994 Supp. 21-4608(d) states: "Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated shall serve the sentence consecutively to the term or terms under which the person was released." Chapter 22, article 28 deals with release on bond.

However, K.S.A. 1994 Supp. 21-4608(a) states:

"When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs. Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently except as provided in subsections (c), (d), and (e)."

The parties were ordered to show cause why *State v. Owens,* 19 Kan. App. 2d 773, 875 P.2d 1007 (1994), does not apply. The facts

of *Owens* are similar to the ones at hand. Owens was arrested for misdemeanor theft, attempted misdemeanor theft, and possession of cocaine in 91 CR 1929. He was released on bond. A few months later, Owens was charged with possession of cocaine in 92 CR 396. Owens entered into a plea agreement and received probation. His probation was revoked because he committed forgery. The court sentenced Owens in 91 CR 1929 and 92 CR 396 the same day and imposed two terms of 4 to 10 years, to be served consecutively. 19 Kan. App. 2d at 773-74. The court noted that the sentences were required by statute to be consecutive. 19 Kan. App. 2d at 776.

Owens argued that K.S.A. 1992 Supp. 21-4608(1) directed the trial court to exercise its discretion in determining whether sentences imposed on the same day should run concurrently or consecutively. This court held that the provisions of K.S.A. 1992 Supp. 21-4608(1) are specific and take precedence over the general provisions of subsection (4). 19 Kan. App. 2d at 775. In other words, if the court imposes sentences in two cases at the same time, it must exercise its discretion in determining whether the sentences should run concurrently or consecutively, although one of the crimes was committed while defendant was out on bond. The court in *Owens* held that failure to exercise this discretion is grounds to vacate the sentence and remand for resentencing. 19 Kan. App. 2d at 777.

The State argues that Richmond did not raise the issue in his brief and has thus abandoned it, and the sentence is not illegal and may not be corrected at any time. Ordinarily, an appellate court will not consider an issue not briefed by the parties. However, an appellate court may consider an issue not briefed when consideration of the new issue is necessary to serve the ends of justice or to prevent the denial of a fundamental right. *State v. Puckett,* 230 Kan. 596, 600-01, 640 P.2d 1198 (1982).

The court here sentenced Richmond in both cases at the same time. The court noted that the sentences would run consecutively "as required by statute." The facts at hand are nearly identical to those in *Owens.* Richmond's sentences must be vacated and the case remanded for resentencing in accordance with *Owens.*

Richmond also argues that the State violated the terms of its plea agreement at sentencing and at the hearing on the motion to modify. Richmond's plea agreement stated:

"In return for a plea of guilty as charged the State will recommend a minimum sentence of 3-10 years both counts concurrent. This case is to be run concurrent with 91 CR 1372. The State requests that the defendant do 5 days in Jail and then be placed into alternative placement. Conditions of the alternative placement are that the defendant pay a [$500] fine or perform 50 hours community service. Defendant must obtain his GED or its equivalent. Defendant must seek and maintain employment. Defendant shall undergo a drug evaluation and must perform any drug/alcohol counseling as directed by his probation officer."

The language of the plea agreement in 91 CR 1372 is identical.

Notwithstanding the plea agreement proposed to the trial court, the court suspended imposition of sentence for one year and imposed terms of suspension. Richmond violated the terms of suspension. He admitted to the violations. The court revoked the suspension, then reinstated it. The court transferred supervision to community corrections and extended the terms of suspension for six months. Richmond again violated the terms. The court transferred supervision of Richmond's suspension to a private probation service. Richmond again violated the terms of his suspended sentence. The court extended the terms for one month.

Richmond again violated the conditions of suspension. He was charged with driving without a license, driving after license suspension, driving without a seat belt, and possession of cocaine. The court revoked the suspension of sentence in 91 CR 1355 and 91 CR 1372. The court imposed a term of 3 to 10 years in 91 CR 1355 and 4 to 15 years in 91 CR 1372, to be served consecutively.

At the sentencing hearing, neither the State nor Richmond mentioned the plea agreement. The court did not indicate whether it had considered the plea agreement. The State merely recommended incarceration. Richmond did not object to the recommendation.

We note that this complete lack of consideration of the plea agreement appears to be the result of a different judge, defense counsel, and prosecutor at the sentencing than were present at the original plea and suspension of sentence.

Defense counsel noted: "I know that these cases are mandatorily consecutive because of the fact that they were picked up while he was on bond." The State opposed modification of sentence. Richmond did not object, nor did he argue for enforcement of the plea agreement.

Issues not raised before the trial court will not be considered on appeal. *State v. Johnson*, 253 Kan. 75, 91, 853 P.2d 34 (1993). An exception exists if the issue implicates the interests of justice or fundamental rights. *State v. Clemons*, 251 Kan. 473, 483, 836 P.2d 1147 (1992).

Richmond now argues that the State violated the plea agreement and directs this court to *State v. Wills*, 244 Kan. 62, 765 P.2d 1114 (1988). In *Wills*, the State recommended concurrent terms at sentencing. The court chose not to follow the recommendation. At the hearing on the motion to modify, the State recommended against modification. Wills attempted to withdraw his guilty plea, arguing that the State violated the plea agreement by failing to stand by its recommendation at the hearing on the motion to modify. 244 Kan. at 63.

The court noted that the plea agreement, as in this case, did not address the State's obligation in post-sentencing hearings. The court concluded that the State's promise to make favorable sentence recommendations bound the State at the hearing on the motion to modify absent language in the plea agreement limiting the State's promise to the original sentencing hearing. The court did not allow Wills to withdraw his guilty plea but remanded for reconsideration of the motion to modify. 244 Kan. at 69-70.

The State argues that *Wills* is distinguishable because it involved a motion to modify filed within 10 days after the original sentencing. The State argues that since Richmond repeatedly violated the terms of his probation, he was not entitled to the benefit of the plea agreement upon revocation of probation and imposition of sentence. The State contends that circumstances surrounding the plea bargain had changed; thus, the State was not obligated to follow it.

The State's argument is persuasive. An Ohio court has held:

"Where a defendant enters a plea of guilty in exchange for the prosecutor's promise to recommend probation, an implied condition exists that circumstances surrounding the bargain will remain substantially the same, and a subsequent change is sufficient to relieve the State of its obligation." *State v. Pascall,* 49 Ohio App. 2d 18, 358 N.E.2d 1368 (1972).

Pascall pled guilty to one count of burglary in exchange for the State's recommendation that he receive probation. After the plea was entered, but prior to sentencing, Pascall was indicted, tried, and convicted on one count of armed robbery. At sentencing on both crimes, the State failed to recommend probation. Pascall argued that the State breached the plea agreement. 49 Ohio App. 2d at 19.

The Ohio appellate court held that the armed robbery conviction constituted a change sufficient to relieve the State of its part of the bargain. The court stated that "[t]o require the prosecutor to fulfill his promise, or to permit the defendant to withdraw his plea, would, in effect, reward the defendant for his unlawful conduct." 49 Ohio App. 2d at 20.

The California appellate court followed this reasoning in *People v. Jones,* 128 Cal. App. 3d 253, 180 Cal. Rptr. 228 (1982). Jones pled guilty to receiving stolen property in exchange for the State's promise to recommend a two-year sentence. Jones received four years' probation on the condition that he serve one year in the county jail. After serving the jail term, Jones violated his probation. He was sentenced to three years' imprisonment. 128 Cal. App. 3d at 255, 257.

Jones argued that the court erred in imposing a prison term longer than the original bargained-for term. In rejecting his argument, the California court stated: "A consummated plea bargain does not insulate a defendant from the consequences of his future misconduct. A defendant gets the benefit of his bargain only once. Like time, a plea bargain once spent is gone forever." 128 Cal. App. 3d at 262. The court also noted that the original limitation outlined by the plea bargain is not a defendant's " 'perpetual all-time license to . . . engage in criminal activity thereafter, or otherwise violate his probation.' " 128 Cal. App. 3d at 262.

A Wisconsin appellate court followed this trend in *State v. Windom*, 169 Wis. 2d 341, 485 N.W.2d 832 (1992). Windom pled guilty to one count of burglary in exchange for the State's promise not to make a sentencing recommendation to the court. The court withheld sentence, placed Windom on probation, a condition of which was serving 30 days in jail. The State honored the plea agreement. 169 Wis. 2d at 344.

After serving his jail time, Windom was convicted of armed robbery and sentenced to five years' imprisonment. His probation on the burglary charge was revoked. At resentencing on the burglary charge, the State recommended that the burglary sentence run consecutive to the armed robbery sentence. Windom did not object to the recommendation, and the court imposed consecutive sentences. 169 Wis. 2d at 345.

The Wisconsin court held that the scope of the plea agreement did not bind the State at subsequent sentencing hearings, but even if it did, Windom's violation of his probation by committing another crime constituted a " 'new and additional factor' " justifying the State's deviation from the plea agreement. 169 Wis. 2d at 351.

Richmond urges this court to hold the State to the portion of the plea agreement recommending two 3- to 10-year terms to be served concurrently. After his original sentencing, Richmond repeatedly violated the terms of his suspended sentence. He broke the law by possessing cocaine. He failed to meet at least one condition set out in the plea agreement regarding payment of fines. These acts constitute a change in circumstances sufficient to relieve the State of its duty to adhere to the plea agreement upon revocation of the suspended sentence, sentencing, and upon Richmond's motion to modify. The State did not violate the plea agreement.

Richmond's sentences are vacated, and the case is remanded for resentencing under *Owens*.