(901 P.2d 44)

No. 71,869

No. 72,080

STATE OF KANSAS, *Appellee*, v. WILLARD L. LAGRANGE, *Appellant.*

Opinion filed August 11, 1995.

*Hazel Haupt* and *Reid T. Nelson*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Alan Hughes* and *Kevin C. Fletcher*, assistant county attorneys, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., PIERRON, J., and RICHARD B. WALKER, District Judge, assigned.

PIERRON, J.: Defendant, Willard LaGrange, appeals his conviction of possession of marijuana, K.S.A. 65-4127b, and the guidelines sentence computed for that conviction pursuant to K.S.A. 1994 Supp. 21-4724(f). He also appeals the sentence imposed for his conviction of aggravated battery, K.S.A. 21-3414.

On June 4, 1993, police officers were dispatched on a disturbance call. Upon arrival, the officers spoke with defendant and another man who claimed to be "horseplaying around." Defendant appeared intoxicated and requested that the officers give him a sobriety test so that he could drive away. They declined, but remained in the area to see if he drove his car. Meanwhile, the officers learned that an arrest warrant had been issued for defendant, and they placed him under arrest. When asked whether he had any knives in his pockets, defendant responded that he had a pocket knife as well as a "one hitter"—a pipe used for smoking marijuana. Burnt residue found in the pipe later tested positive for marijuana.

At trial, defendant testified that after the officers spoke to him the first time, but before they returned to arrest him, he found the marijuana pipe on the ground and put it in his pocket. When asked whether the pipe belonged to him, defendant stated, "I never bought it."

The jury convicted defendant of possession of marijuana, a class D felony under K.S.A. 65-4127b, in case No. 93 CR 418. While on bond in 93 CR 418, defendant committed aggravated battery, K.S.A. 21-3414, and pled no contest to that charge in case No. 93 CR 561. The court sentenced him for both offenses on March 2, 1994. The original presentence investigation (PSI) report indicated that defendant's criminal history category was C. The State objected to this classification, arguing defendant's criminal history category was A, and the trial court agreed.

For the possession of marijuana conviction, the court sentenced defendant to 3 to 10 years in prison and denied probation and and assignment to community corrections. The court determined that

under the sentencing guidelines, defendant would fall into drug grid box 4-A and computed his guidelines sentence to be 40 months in prison. The court then sentenced defendant to 86 months in prison for the aggravated battery conviction using non-drug grid box 4-A. The court found that, by law, the two sentences must run consecutively because defendant was on bond in the first case when he committed the offense in the second case.

Defendant first argues the State failed to prove beyond a reasonable doubt that he possessed marijuana. When a defendant challenges the sufficiency of the evidence, the standard of review is "whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Graham*, 247 Kan. 388, Syl. ¶ 5, 799 P.2d 1003 (1990).

"Possession of a controlled substance requires having control over the substance with knowledge of and the intent to have such control. Knowledge of the presence of the controlled substance with the intent to exercise control is essential." *State v. Flinchpaugh*, 232 Kan. 831, Syl. ¶ 1, 659 P.2d 208 (1983). The State may prove these elements by circumstantial evidence. *State v. Anthony*, 242 Kan. 493, 502, 749 P.2d 37 (1988). The amount of the controlled substance need not be measurable or usable to sustain a conviction for possession. *State v. Brown*, 245 Kan. 604, 613-14, 783 P.2d 1278 (1989).

Defendant argues the State failed to prove that he knew of the presence of the marijuana residue in the pipe. He points to a portion of the State's closing argument: "We sure don't know what [the defendant] was intoxicated on. Kind of assume it's alcohol. Was there evidence to indicate maybe he was intoxicated on something else? Maybe marijuana. Wouldn't that go to show he intended on possessing the marijuana that's found in the residue in his pipe?" Defendant argues the State presented no evidence that he was intoxicated on marijuana and that the presence of a drug in the body is not sufficient to prove possession. See *Flinchpaugh*, 232 Kan. at 836-37.

Defendant's argument is not well taken. First, he made no objection to the State's closing argument. Second, the jury had ample evidence to support its verdict even without an inference that defendant was intoxicated on marijuana when he was arrested. Taken in the light most favorable to the prosecution, the evidence showed that defendant smoked marijuana, he had a marijuana pipe in his pocket when he was arrested, he knew the pipe was a marijuana pipe, and he told officers he would smoke marijuana until the day he died. From these facts, the jury could reasonably infer he knew marijuana residue was in the pipe and he intentionally exercised control over that residue.

The second issue before us is whether the trial court erred in classifying a prior Colorado conviction of third-degree assault as a prior battery conviction for purposes of determining defendant's criminal history under the sentencing guidelines.

Because defendant's sentence for aggravated battery falls within the presumptive incarceration range, this court ordered the parties to address in their briefs the issue of whether this court has jurisdiction to hear the defendant's sentencing arguments. Defendant's next two arguments concern his criminal history category; therefore, this court has jurisdiction under K.S.A. 1994 Supp. 21-4721(e), which provides:

"In any appeal, the appellate court may review a claim that:

. . . .
"(3) the sentencing court erred . . . in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."

Defendant's original PSI report indicated he had a criminal history category of C. The report scored a prior Colorado conviction for third-degree assault as an assault conviction under Kansas law. In Kansas, an assault is a class C misdemeanor, K.S.A. 1994 Supp. 21-3408, which is not counted for criminal history purposes. K.S.A. 1994 Supp. 21-4710a(d)(7).

. The State objected to the PSI report's classification of the Colorado assault conviction, arguing that it should be scored as a person misdemeanor because it was the equivalent of a battery conviction in Kansas. The trial court agreed and scored the con-

viction as a person misdemeanor, giving defendant a total of three prior person misdemeanor convictions. Under K.S.A. 1994 Supp. 21-4711(a), three prior person misdemeanors count as one prior person felony conviction.

Regarding the classification of out-of-state convictions for criminal history purposes, K.S.A. 1994 Supp. 21-4711(e) provides as follows:

"An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. . . . The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime."

The elements of defendant's Colorado conviction for third-degree assault are (1) that defendant, (2) in the state of Colorado, at or about the date and place charged, (3) with criminal negligence, (4) caused bodily injury to another person, (5) by means of a deadly weapon. Colo. Rev. Stat. § 18-3-204 (1986). The State argues that defendant's conviction is comparable to a battery conviction in Kansas. Battery is defined under K.S.A. 1994 Supp. 21-3412 as follows: "(a) Intentionally or recklessly causing bodily harm to another person; or (b) intentionally causing physical contact with another person when done in a rude, insulting or angry manner."

Defendant argues that because the Kansas battery statute does not include the deadly weapon element of Colorado's third-degree assault statute, the offenses are not comparable. Defendant further argues that no Kansas misdemeanor statute is comparable with Colorado's third-degree assault statute; therefore, his conviction should be classified as a nonperson crime pursuant to K.S.A. 1994 Supp. 21-4711(e).

In fact, defendant's Colorado conviction for third-degree assault is comparable to the Kansas offense of aggravated battery, a person felony under K.S.A. 1994 Supp. 21-3414. Under subsection (2)(B) of that statute, aggravated battery is defined as "recklessly causing bodily harm to another person with a deadly weapon."

While no Kansas cases have addressed this issue, defendant's argument may be resolved simply by looking at the plain language

of the statute. Defendant's argument is based upon the faulty premise that a felony and a misdemeanor cannot be comparable offense for purposes of determining whether a crime is a person or nonperson crime. While K.S.A. 1994 Supp. 21-4711(e) does provide that defendant's conviction cannot be classified as a felony for criminal history purposes because Colorado classified the conviction as a misdemeanor, the statute does not prevent a court from considering a felony as a comparable offense for purposes of determining whether an out-of-state misdemeanor offense is a person or nonperson crime.

The court properly scored defendant's prior Colorado conviction for third-degree assault as a person misdemeanor for criminal history purposes.

Our next issue is whether the trial court erred in classifying a prior conviction of conspiracy to commit burglary as a person felony for purposes of determining defendant's criminal history under the sentencing guidelines.

Defendant's original PSI report classified a prior Colorado conviction for conspiracy to commit burglary of a dwelling as a nonperson felony. The State objected, arguing that the conviction should be scored as a person felony, and the court agreed.

At the time of defendant's sentencing, the guidelines were silent as to whether a conspiracy to commit an offense should be classified as a person or nonperson crime. The legislature has since enacted K.S.A. 1994 Supp. 21-4711(g), which provides: "A prior felony conviction of an attempt, a conspiracy or a solicitation as provided in K.S.A. 21-3301, 21-3302 or 21-3303 and amendments thereto, to commit a crime shall be treated as a person or nonperson crime in accordance with the designation assigned to the underlying crime."

Defendant argues that when the legislature revises an existing law, the courts must presume that the legislature intended to change the law as it existed prior to the amendment. See *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990). Defendant argues that K.S.A. 1994 Supp. 21-4711(g) constitutes a change in the law; therefore, at the time of his sentencing, conspiracy to commit burglary was a nonperson crime.

The State argues that by enacting K.S.A. 1994 Supp. 21-4711(g), the legislature merely clarified existing law. The State's argument is supported by *State v. Fifer*, 20 Kan. App. 2d 12, 881 P.2d 589 (1994). In *Fifer*, this court held that "even prior to the 1994 amendment to K.S.A. 1993 Supp. 21-4711, the legislature intended that an attempt to commit a crime should be treated as a person or nonperson crime in accordance with the designation assigned to the underlying crime." 20 Kan. App. 2d at 16.

The *Fifer* court explained that a crime is designated person or nonperson depending on whether the crime might inflict physical or emotional harm on a person or only damage to property. The court held that because an attempted burglary of a dwelling could cause physical or emotional harm to another, the attempt should be classified as a person felony for criminal history purposes. 20 Kan. App. 2d at 15.

Defendant argues that the rationale of *Fifer* regarding attempt crimes does not apply to conspiracy crimes. Defendant argues that a conspiracy to commit a crime does not have the same potential to cause physical or emotional harm to another as does an attempt crime. While a conspiracy to commit a crime may not have the same potential for harm as an attempt crime, it does require an overt act in furtherance of the crime which may cause physical or emotional harm to another.

By enacting K.S.A. 1994 Supp. 21-4711(g), the legislature clarified existing law and expressed its intent that conspiracy crimes be treated as person or nonperson crimes depending upon the nature of the underlying crime. The trial court did not err in classifying defendant's prior conviction for conspiracy to commit burglary of a dwelling as a person felony.

Finally, we must consider whther the trial court erred in ruling that defendant's sentences must run consecutively.

Defendant's final argument is that the district court erred in ruling that his sentences must run consecutively because he was on bond in the first case when he committed the offense in the second case. The State argues that this court lacks jurisdiction to consider defendant's final argument because K.S.A. 1994 Supp. 21-4721 does not provide appellate jurisdiction for such an appeal.

This court recently held that a consecutive sentence is not inconsistent with the presumptive sentence; thus, it is not a departure and is not appealable under K.S.A. 1994 Supp. 21-4721. *State v. Peal*, 20 Kan. App. 2d 816, 822, 893 P.2d 258 (1995). The *Peal* court stated that "this court's jurisdiction to consider an appeal challenging a sentence imposed pursuant to the KSGA is limited to those grounds specified in K.S.A. [1994 Supp.] 21-4721(a) and (e) and illegal sentences." 20 Kan. App. 2d at 821.

Because defendant does not allege any of the grounds specified in K.S.A. 1994 Supp. 21-4721(a) or (e), the issue becomes whether defendant is serving an illegal sentence. An illegal sentence is

"either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served." *State v. Ruff*, 252 Kan. 625, 628, 847 P.2d 1258 (1993).

Here, defendant argues that the trial court imposed consecutive sentences after erroneously finding that it had no discretion to do otherwise. Because the trial court imposed sentence based upon an erroneous view of the law, the sentence may be considered illegal although it does not technically fit within the *Ruff* definition.

Defendant argues that the trial court erred in imposing consecutive prison terms based upon a belief that consecutive sentences were mandated by K.S.A. 1994 Supp. 21-4608(d). This court addressed a nearly identical situation in *State v. Owens*, 19 Kan. App. 2d 773, Syl., 875 P.2d 1007 (1994). In *Owens*, the defendant committed an offense while he was out on bail in another case. The court sentenced the defendant for both cases on the same day and ran the sentences consecutively because it believed that K.S.A. 1992 Supp. 21-4608(4) mandated consecutive sentences.

The *Owens* court held that "K.S.A. 1992 Supp. 21-4608(1) is a specific statute applying to all sentences imposed upon a defendant on the same date and, where applicable, takes precedence over subsection (4) of said statute." 19 Kan. App. 2d 773, Syl. Subsection (1) of the statute provides that when a defendant is sentenced for separate crimes on the same date, the court has discretion to run the sentences concurrently or consecutively. Because the trial court

erred by failing to exercise its discretion in determining whether to run Owens' sentences concurrently or consecutively, this court vacated Owens' sentences and remanded for resentencing. 19 Kan. App. 2d at 777.

Subsections (1) and (4) are now titled (a) and (d), respectively, but the substance of the statute is the same. In the instant case, the record clearly shows that the trial court imposed sentence under a mistaken belief that consecutive sentences were mandatory; therefore, defendant's sentences should be vacated and the case remanded for resentencing.

We affirm defendant's conviction and the trial court's determination of his criminal history category. We vacate defendant's sentence and remand for resentencing consistent with this opinion.

Affirmed in part, vacated in part, and remanded.