(912 P.2d 774)
No. 72,581
No. 72,582

STATE OF KANSAS, *Appellee*, v. JANICE M. FIELDS, *Appellant*.

Opinion filed March 15, 1996.

*Wendy L. Rhyne Slayton*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ROYSE, P.J., GERNON and PIERRON, JJ.

GERNON, J.: Janice M. Fields appeals her sentence imposed by the district court pursuant to the Kansas Sentencing Guidelines Act (KSGA).

Fields pled guilty on the same day to two counts of felony theft which arose out of separate incidents. Both cases came up for sentencing on the same day. At the sentencing hearing, the district court also considered the revocation of her probation for several other convictions. The parties stipulated that Fields' criminal history was a "C."

A 9-C nondrug offense carries a presumptive disposition of probation under the KSGA. However, K.S.A. 1993 Supp. 21-4603e(a)(8) permits the district court to sentence a defendant to

imprisonment for a presumptive probation sentence when probation is revoked due to a conviction for a new felony.

Here, the court sentenced Fields to a prison term of 12 months in each case, to be served consecutive to each other and consecutive to the other sentences imposed on the same date due to revocation of her probation on earlier convictions.

K.S.A. 1993 Supp. 21-4720(b) states:

"The sentencing judge shall have discretion to impose concurrent or consecutive sentences in *multiple conviction cases*. In cases where consecutive sentences may be imposed by the sentencing judge, the following shall apply:

. . . .
"(2) The sentencing judge must establish a base sentence for the primary crime. The primary crime is the crime with the highest crime severity ranking. . . . If more than one crime of conviction is classified in the same crime category, the sentencing judge must designate which crime will serve as the primary crime. . . .

"(3) The base sentence is set using the total criminal history score assigned.

"(4) The total sentence assigned for a current *conviction event* cannot exceed twice the base sentence. . . .

"(5) Nonbase sentences will not have criminal history scores applied, as calculated in the criminal history I column of the grid, but base sentences will have the full criminal history score assigned." (Emphasis added.)

K.S.A. 1993 Supp. 21-4703(c) defines "conviction event" as "one or more felony convictions occurring on the same day and within a single court. These convictions may result from multiple counts within an information or from more than one information."

The record is clear that Fields was convicted of counts charged from more than one information on the same day. These convictions, then, would be part of a single "conviction event."

K.S.A. 1993 Supp. 21-4720(b)(4) refers to a "conviction event." Therefore, Fields' sentencing would be included as a "multiple conviction case" and would be subject to the limitations of K.S.A. 1993 Supp. 21-4720(b).

In *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992), the Kansas Supreme Court stated, regarding legislative interpretation:

" '[T]he legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile

the different provisions so as to make them consistent, harmonious, and sensible.' *In re Marriage of Ross*, 245 Kan. 591, 594, 783 P.2d 331 (1989)."

Plainly, K.S.A. 1993 Supp. 21-4720 limits the length of the consecutive sentences that can be imposed in "multiple conviction cases." We believe that this statute is in harmony with K.S.A. 1993 Supp. 21-4608, which deals with the imposition of consecutive sentences when a defendant is convicted and sentenced for a crime when he or she is on probation for a felony. Specifically, see K.S.A. 1993 Supp. 21-4608(c).

We agree with the State's argument that had the legislature wanted to include any multiple sentencing situation within the scope of K.S.A. 1993 Supp. 21-4720(b), it could easily have done so. It is also correct that while the legislature did not want to include every multiple sentencing situation under K.S.A. 1993 Supp. 21-4720(b), it did want to include "conviction events" such as we find in this case.

The legislature clearly intended to include multiple counts from more than one information under the provisions of K.S.A. 1993 Supp. 21-4720(b).

We note that the 1994 legislature amended 21-4720(b), but that amendment is not applicable in this case. Recently, the Supreme Court interpreted the 1994 amendment as follows: "K.S.A. 1994 Supp. 21-4720(b) applies to multiple convictions arising from multiple counts within an information, complaint, or indictment and not to multiple convictions entered on the same date in different cases." *State v. Roderick*, 259 Kan. 107, Syl. ¶ 3, 911 P.2d 159 (1996).

### Consecutive Terms

Fields argues that the district court revoked her probation and suspended sentence in several prior cases due to her failure to pay fines and costs and not due to any new convictions.

K.S.A. 1993 Supp. 21-4603e(a)(8) allows the court discretion to sentence an offender to imprisonment even when the sentencing grid presumes a nonprison sentence "[w]hen probation, assignment to a community correctional services program, parole, con-

ditional release, or postrelease supervision is revoked due to a conviction for a new felony."

The State argues that the record supports its position that Fields' probation was revoked due to the new felony convictions. Admittedly, the record could have been more explicit regarding this issue. However, it is apparent that her probation was being revoked due to her felony convictions. The entire discussion regarding revoking her probation took place in the context of the sentencing hearing for her most recent crimes.

We conclude that the court's consideration of Fields' failure to pay restitution and comply with the terms of a previously granted probation is appropriate in determining whether to impose a prison sentence here.

We affirm the trial court's decision to impose a prison sentence but remand for resentencing pursuant to K.S.A. 1993 Supp. 21-4720(b) to reflect our holding herein.