(937 P.2d 1239)
No. 76,050
No. 76,051

STATE OF KANSAS, *Appellee,* v. CHERRI Q. CHRISTENSEN, *Appellant.*

Opinion filed May 2, 1997.

*Steven R. Zinn,* deputy appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Phyllis K. Webster,* assistant county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before BRAZIL, C.J., MARQUARDT, J., and EDWARD E. BOUKER, District Judge, assigned.

MARQUARDT, J.: Cherri Q. Christensen appeals from the denial of her motion to withdraw her guilty pleas and the sentences subsequently imposed on three drug convictions in two cases.

On October 10, 1995, Christensen pled guilty in case No. 94 CR 465 to possession of methamphetamines with intent to sell or distribute, a drug severity level 3 felony, and in case No. 95 CR 230 to possession of methamphetamines, a drug severity level 4 felony, and to possession of marijuana, a class A nonperson misdemeanor.

On December 4, 1995, Christensen filed a motion to withdraw her guilty pleas. Christensen alleged that at the time of the plea hearing, she was unaware that the district court was required to order the sentences to run consecutively. On December 6, 1995, the district court denied the motion and proceeded to sentencing.

At sentencing, the State made the following remarks:

"[THE STATE:] In 95 CR 230, the guidelines call for a presumption of probation, the recommendation if the Court follows that, is for community corrections. But, as a practical matter I don't know how the defendant could report to community corrections or comply with any terms of community corrections if she's incarcerated on the other case. *And I believe the guidelines allow the Court, if one case has a presumption of prison and one doesn't, to impose prison on both of them and not be considered a departure, and so that would be our recommendation in that case."* (Emphasis added.)

Christensen filed a motion for downward departure in both cases based on her medical problems and the drug-related nature of the

crimes. The State informed the district court that the two felony sentences should be served consecutively.

The district court sentenced Christensen to 22 months in prison in 94 CR 465 and 15 months in prison for possession of methamphetamines in 95 CR 230, ordering that these sentences be served consecutively. The district court also sentenced Christensen to 12 months in jail for possession of marijuana and ordered that this sentence run concurrent with the felony crimes.

### Plea Withdrawal

Christensen argues that the district court abused its discretion by denying her motion to withdraw her guilty pleas.

A district court's denial of a motion to withdraw a plea will be reversed only if the district court abused its discretion. See *State v. Johnson*, 258 Kan. 607, 610, 907 P.2d 140 (1995).

Christensen moved to withdraw her pleas before sentences were imposed. "To justify a motion to withdraw the plea prior to sentencing, the motion should allege that defendant is not guilty of the offense charged and that the plea was made because of fraud, duress, mutual mistake, or lack of understanding of the charge and the effect of the plea." *Johnson*, 258 Kan. at 610-11.

In determining whether a defendant should be allowed to withdraw a plea, the district court should consider whether the defendant was represented throughout by competent counsel; whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and whether the plea was freely, fairly, and understandingly made. *State v. Hill*, 247 Kan. 377, 385, 799 P.2d 997 (1990).

K.S.A. 22-3210(3) requires the district court to address a defendant personally and determine that the guilty plea is being made voluntarily and with an understanding of the nature of the charge and the consequences of the plea. See generally *State v. Shaw*, 259 Kan. 3, 10-11, 910 P.2d 809 (1996).

Christensen argues that at the time of the plea, the district court did not adequately inquire about her mental state after she informed the court that she was taking prescription medications. Christensen also argues that the district court did not adequately

ascertain that her guilty pleas were made voluntarily and with an understanding of the charges and the consequences.

At the plea hearing, the district court asked Christensen if she was presently under the influence of any *intoxicating* liquors or drugs, to which Christensen replied, "No, just prescription drugs." Christensen does not allege that any of the drugs she had been taking possessed intoxicating or mind-altering effects. The district court did not make any further inquiry into the effect of the prescription medications on Christensen.

Christensen cites *U.S. v. Cole*, 813 F.2d 43, 46 (3d Cir. 1987), as support for her position that her pleas were not voluntary. However, *Cole* is distinguishable in that Cole claimed that he had ingested a substantial amount of heroin and cocaine the night prior to and through the early morning hours of the day of his plea hearing.

Christensen also cites *U.S. v. Rossillo*, 853 F.2d 1062, 1065-67 (2d Cir. 1988), where the district court asked Rossillo if he was under the influence of any drug, alcohol, or other intoxicants. Rossillo did not personally answer the question or address the district court in any way. The federal court of appeals held that the failure to make an on-the-record determination whether Rossillo was under the influence of any medication and whether his plea was voluntarily and knowingly entered constituted reversible error. 853 F.2d at 1067.

Christensen argues that because she had been taking prescription medications and had been suffering from severe emotional problems, she did not understand that her sentences might run consecutively. We hold that a defendant who is taking prescription drugs, and who informs the court that he or she is not under the influence of any intoxicating drugs, is able to make a voluntary plea. The district court asked Christensen if she understood that in 95 CR 230 the court would order her sentence to run consecutive to her sentence for 94 CR 465, and Christensen responded, "Yes, sir."

The record indicates that Christensen was represented by counsel throughout the plea hearing, that she did not allege in her motion to withdraw her pleas that she was not guilty, and that she understood the district court would order her sentences to be

served consecutively. The district court did not abuse its discretion in denying Christensen's motion to withdraw her pleas. See *State v. Reed,* 248 Kan. 506, 512-13, 809 P.2d 553 (1991).

### *Mandatory Consecutive Sentencing*

Christensen argues that the district court erred in concluding that consecutive sentencing was mandatory because Christensen had committed the offense in 95 CR 230 while she was on bond in 94 CR 465. Christensen also argues that the sentences are illegal because the district court imposed sentence based on an erroneous view of the law.

The other issues raised by Christensen require this court to interpret the Kansas statutes governing sentencing in multiple conviction cases. Interpretation of a statute is a question of law subject to unlimited appellate review. *Blomeyer v. State,* 22 Kan. App. 2d 382, 384, 915 P.2d 790, *rev. denied* 260 Kan. 991 (1996).

At both the plea hearing and sentencing, the State informed the district court that because Christensen was out on bond when she committed the second offense, the law *required* that the sentences run consecutively. The district court ordered the two felony sentences to be served consecutively without stating on the record that it was exercising its discretion in doing so.

In *State v. LaGrange,* 21 Kan. App. 2d 477, 901 P.2d 44, *rev. denied* 258 Kan. 861 (1995), this court addressed a nearly identical situation. In *LaGrange,* the district court found that it was required by law to impose consecutive sentences because the defendant was on bond in the first case when he committed the offense in the second case. Following *State v. Owens,* 19 Kan. App. 2d 773, 875 P.2d 1007 (1994), the *LaGrange* court held that K.S.A. 21-4608(a) "provides that when a defendant is sentenced for separate crimes on the same date, the court has discretion to run the sentences concurrently or consecutively." 21 Kan. App. 2d at 484. The district court must exercise that discretion on the record, and a sentence imposed under the mistaken belief that consecutive sentences are mandatory must be vacated and remanded for resentencing. 21 Kan. App. 2d at 484-85.

The State does not address whether *LaGrange* controls this issue. Rather, the State argues that Christensen cannot appeal the sentence because it had recommended the sentence provided in the plea agreement and that was the sentence that she received. See K.S.A. 21-4721(c)(2). These parties had not agreed to a sentence in a plea agreement that was subsequently approved by the sentencing court. *Cf. State v. Starks,* 20 Kan. App. 2d 179, 180, 885 P.2d 387 (1994) (applying K.S.A. 21-4721[c][2] where the *defendant and the State* requested the district court to impose a sentence agreed upon in a plea agreement and the district court imposed the requested sentence.)

The sentences are vacated, and the case is remanded for resentencing. On remand, if the district court orders the sentences to be served consecutively, it should clearly indicate on the record that it is exercising its discretion.

### *Dispositional Departure*

Christensen argues that the district court erred by imposing a dispositional departure in 95 CR 230 without making findings of substantial and compelling reasons for the departure. The crucial question is whether K.S.A. 21-4720(b)(6) applies so that the sentence is not a dispositional departure.

Christensen's conviction for possession of methamphetamines in 95 CR 230 was a drug severity level 4, and the parties agreed that her criminal history was a G. The sentencing range for drug offenses provides for presumptive probation. See K.S.A. 21-4705. At sentencing, the State argued that the imposition of a prison sentence would not be considered a departure because 94 CR 465 carried a presumptive prison sentence. The district court imposed a prison sentence without stating that it was making a departure or its substantial and compelling reasons for a departure. Neither counsel nor the court cited or discussed any relevant legal authority on this point.

The district court filed a separate journal entry in each case, applying a criminal history of G to each offense and sentence.

The parties discuss two possible justifications for a prison sentence being given in 95 CR 230 which would not constitute a de-

parture: (1) Christensen was on bond pending trial in 94 CR 465 when she committed the later felony; and (2) the district court was sentencing Christensen in a multiple conviction case where the sentence for the primary crime was a prison term.

### On Bond

The State argues that when a defendant is sentenced for a crime committed on felony probation *or other felony nonprison status,* the district court may sentence the defendant to prison for the new offense even if that offense otherwise presumes a nonprison sentence and that this is not considered a departure. See K.S.A. 21-4603d(a).

In *State v. Arculeo,* 261 Kan. 286, 293, 933 P.2d 122 (1997), the court held that the statutory provision in K.S.A. 21-4603d, which authorizes a court to sentence an offender to imprisonment for a new conviction even when the new crime of conviction otherwise presumes a nonprison sentence, does not apply to a defendant who committed a new felony while *on bond* pending sentence in a prior felony case. Under *Arculeo,* Christensen's on bond status does not authorize the imposition of a prison sentence in a presumptive probation case without a departure.

### Multiple Conviction Cases

K.S.A. 21-4720 addresses sentencing in multiple conviction cases and provides in part:

"(b) The sentencing judge shall otherwise have discretion to impose concurrent or consecutive sentences in *multiple conviction cases* . . . . In cases where consecutive sentences may be imposed by the sentencing judge, the following shall apply:

. . . .

"(4) The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence. . . .

. . . .

"(6) *If the sentence for the primary crime is a prison term, the entire imprisonment term of the consecutive sentences will be served in prison.*" (Emphasis added.)

Christensen argues that subsection (b)(6) only applies to cases where the crimes arise in a single case with multiple counts; since the relevant crimes were charged in two separate cases and arose from separate events, this subsection does not apply.

In *State v. Fields*, 22 Kan. App. 2d 148, 150, 912 P.2d 774 (1996), this court noted that K.S.A. 1993 Supp. 21-4720(b) (the statute in effect at the time of the crime) limited the length of consecutive sentences that could be imposed in multiple conviction cases and held that the statute applied when sentencing a defendant for multiple counts from more than one information. The *Fields* court noted that K.S.A. 1993 Supp. 21-4703(c) defined "conviction event" as " 'one or more felony convictions occurring on the same day and within a single court. These convictions may result from multiple counts within an information or from more than one information.' " 22 Kan. App. 2d at 149. The *Fields* court also noted: "K.S.A. 1993 Supp. 21-4720(b)(4) refers to a 'conviction event.' Therefore, Fields' sentencing would be included as a 'multiple conviction case' and would be subject *to the limitations of K.S.A. 1993 Supp. 21-4720(b)*." (Emphasis added.) 22 Kan. App. 2d at 149.

In 1994, the legislature removed the term "conviction event" from K.S.A. 1993 Supp. 21-4703(c) and K.S.A. 1993 Supp. 21-4720(b)(4). L. 1994, ch. 291, § 49; L. 1994, ch. 291, § 59.

In *State v. Roderick*, 259 Kan. 107, Syl. ¶ 3, 911 P.2d 159 (1996), the court stated that the version of 21-4720(b) that became effective on July 1, 1994, "applies to multiple convictions arising from multiple counts within an information, complaint, or indictment *and not to multiple convictions entered on the same date in different cases*." (Emphasis added.) The *Roderick* court specifically held that the "double rule" contained in K.S.A. 21-4720(b)(4), which provides that the total prison sentence in a multiple conviction case cannot exceed twice the base sentence, only limits the sentence for multiple convictions arising from a *single* complaint, information, or indictment. 259 Kan. at 114. Stated conversely, *Roderick* held that the double rule of K.S.A. 21-4720(b)(4) does not limit the sentence imposed where the multiple crimes arise from different charging documents. The *Roderick* court noted that the intent behind the 1994 legislative changes was to limit " 'application of the

"double rule" limit for consecutive sentence[s] to multiple [counts] in the same case rather than all counts for which the defendant was convicted at one time, regardless of whether from different cases.'" 259 Kan. at 114 (quoting Kansas Report on Legislative Interim Studies, p. 116 [1994]).

Here, Christensen's two relevant offenses arose from separate informations and were charged in separate cases. The question is whether the rule announced in *Roderick* should apply to limit the application of all provisions of K.S.A. 21-4720(b) or whether *Roderick* only limits the application of the double rule contained in K.S.A. 21-4720(b)(4).

The issue in *Roderick* was the scope of application of the double rule contained in K.S.A. 21-4720(b)(4). 259 Kan. at 114. Thus, the actual issue decided in *Roderick*, 259 Kan. 107, Syl. ¶ 3, is distinguishable from this case. See *State v. Sims*, 254 Kan. 1, 7, 862 P.2d 359 (1993) (noting that the syllabus points "shall be confined to points of law arising from the facts in the case"); *Steck v. City of Wichita*, 182 Kan. 206, 209, 319 P.2d 852 (1958) ("What is said in an opinion or the syllabus thereof always is to be read and interpreted in the light of the facts and questions present in the case.").

The statutory language relied on in *Roderick*, 259 Kan. at 113-14, to limit the application of K.S.A. 21-4720(b) to cases arising from a single charging document only appears in subsection (b)(4). Thus, the application of this language is logically confined to subsection (b)(4). This court holds that K.S.A. 21-4720(b)(6) applies to sentencing in multiple conviction cases regardless of whether the crimes were charged in one document or in several. When a defendant is sentenced for multiple crimes and the sentence for the primary crime is a prison term, all consecutive sentences will be served in prison. The district court did not impose a departure sentence.

This court also holds that all of the provisions of K.S.A. 21-4720(b), except for subsection (b)(4), apply when sentencing a defendant for multiple crimes arising from different charging documents. The district court should apply all of these provisions on remand. For example, if the district court sentences Christensen

to consecutive sentences, it must use a criminal history of I for the nonbase sentence. See K.S.A. 21-4720(b)(5).

In sum, the sentence given in 95 CR 230 was not a dispositional departure; however, the district court erred by imposing consecutive sentences without stating on the record that it was exercising its discretion.

The convictions are affirmed, the sentences are vacated, and the case is remanded for resentencing.