# IN THE COURT OF APPEALS OF IOWA

No. 17-0659
Filed January 10, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JORDAN PIERCE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve (sentencing) and Joel W. Barrows (probation revocation), Judges.

A defendant sentenced to prison for theft and assault challenges the revocation of his deferred judgment, the sentencing process, and his counsel's performance. **AFFIRMED.**

Mark C. Smith, Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

After pleading guilty plea to theft in the first degree and assault resulting in bodily injury, Jordan Pierce received a deferred judgment. Pierce repeatedly violated the terms of his probation, eventually resulting in the revocation of his deferred judgment and the imposition of a prison sentence. Pierce now contests his convictions and sentences, claiming the district court failed to give proper reasons for revoking probation and imposing a prison term, failed to consider mitigating circumstances, and denied Pierce's right to allocution. Pierce also claims his counsel was remiss in not challenging the State's alleged breach of the plea agreement.

Because we find no error in the district court's handling of the probation revocation and sentencing hearing and no deficiency in defense counsel's performance, we affirm.

## I. Facts and Prior Proceedings

In September 2014, Pierce confronted a pedestrian on a Davenport street, assaulted him, and took his cell phone and Bluetooth headset. The victim told police Pierce was displaying a knife during the encounter. The State charged Pierce with four counts: robbery in the first degree, theft in the first degree, assault while displaying a weapon, and assault resulting in injury. Pierce's plea bargain allowed him to plead guilty to first-degree theft, in violation of Iowa Code section 714.2(1) (2014), and assault resulting in injury, in violation of Iowa Code section 708.2(2), while the State agreed to dismiss the robbery and assault-while-displaying-a-weapon counts. The State agreed to make no recommendation as to sentencing.

At an April 24, 2015 sentencing hearing, the court granted Pierce a deferred judgment and placed him on probation at a residential correctional facility. Just four months later, the judicial department of correctional services filed a probation violation report against Pierce involving problems with his assigned employer. The district court found Pierce in contempt but did not revoke his probation. Then in April 2016, the State applied to revoke Pierce's probation after he engaged in a series of disruptive activities at the residential facility. In June 2016, the district court declined to revoke Pierce's deferred judgment but again held him in contempt.

In January 2017, Pierce's probation officer filed another report of violations, alleging Pierce had not secured full-time employment, made only one monthly $10 fine payment, used Xanax without a prescription, tested positive for THC after consuming a marijuana brownie at a party, and pleaded guilty to disorderly conduct. At an April 6, 2017 hearing, Pierce stipulated to violating those terms of probation. Noting Pierce had already been held in contempt twice and had already been placed at the residential correctional facility, the court commented, "No one wanted to get to this point, but here we are." The court revoked Pierce's deferred judgment and imposed judgment and sentence. The court sentenced Pierce to an indeterminate ten-year term for the theft offense and a 364-day term for the assault to run concurrently. Pierce appeals the judgment and sentences.

## II.     Scope and Standards of Review

We review the revocation of probation for an abuse of discretion. *State v. Kirby*, 622 N.W.2d 506, 508 (Iowa 2001). We review sentencing proceedings for the correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

But "[w]e will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

Because Pierce's ineffective-assistance-of-counsel claim is grounded in the Sixth Amendment, our review is de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

### III. Probation Revocation and Sentencing

### A. Reasons for Revocation and Prison Term

After Pierce stipulated to his probation violation, the district court had a choice whether to continue probation or revoke the deferred judgment and impose sentence. *See* Iowa Code § 908.11(4). When a court decides to impose sentence, it must "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). Pierce contends the court failed to consider options other than incarceration and failed to give "appropriate reasons" for either the revocation or the sentence.

When the district court uses its power to revoke a deferred judgment, it must "demonstrate an exercise of discretion in using that power or give a reason for choosing among sentencing options." *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994). In *Lillibridge*, the supreme court remanded for a new hearing because the district court did not indicate what the probation violations were or "how these violations influenced the court to select the sentence it did." *Id*.

This case differs from *Lillibridge.* Here, the court gave its rationale for imposing a prison term: "Obviously, the primary reason for the sentence and the reason we're here is because of numerous previous failures on supervision. Again, it's unfortunate, but you've got the track record you created yourself, Mr. Pierce."

Although succinct, the court's reasoning was sound. *See State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989) (holding terse statement of reasons may be sufficient as long as brevity does not prevent us from reviewing the exercise of sentencing discretion), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269 (Iowa 2016).

On two earlier occasions, Pierce received contempt sanctions rather than revocation of his deferred judgment. Pierce did not take advantage of his second and third chances. His repeated inability to comply with the terms of his probation while in a residential correctional facility left the court with few good options—the court could give Pierce a fourth chance at leniency or could hold him accountable for his theft and assault offenses by imposing judgment and sentence. We cannot find the court abused its discretion by opting to send Pierce to prison. *See State v. Liddell*, 672 N.W.2d 805, 816 (Iowa 2003) ("When Liddell failed meet one of the conditions of the court's order, he proved himself an unsuitable candidate for a deferred.").

Pierce further intimates the sentencing court considered unproven violations in deciding to revoke the deferred judgment and impose the prison term. The record does not support that intimation. Pierce stipulated to certain probation violations recited by his attorney; the court did not suggest it was considering any grounds for revocation beyond those that were specified in the stipulation.

## B. Consideration of Mitigating Circumstances

Sentencing courts must consider any mitigating circumstances related to the defendant. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). Pierce contends the district court failed to take into account factors that weighed against revoking his deferred judgment and imposing a prison sentence. For example, Pierce highlights his openness with his probation officer about the disorderly conduct charge, his aspirations to be a surgical technician, and his inspiration to reform his behavior based on the upcoming birth of his child.

The district court heard the defense argument on these factors but believed Pierce's proven difficulty with meeting the expectations of supervision in the community was the top concern. *See State v. Thomas*, 547 N.W.2d 223, 226 (Iowa 1996) (clarifying sentencing court is not required to note presence or absence of mitigating circumstances). We find the district court properly exercised its discretion.

## C. Right to Allocution

Before rendering judgment, a sentencing court must allow defense counsel and the defendant to speak in mitigation of punishment. Iowa R. Crim. P. 2.23(3)(d). This right to allocution need not be invited with any particular language. *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007). Substantial compliance with the rule will suffice. *Id.*

The following exchange occurred at the probation-revocation and sentencing hearing:

> THE COURT: Mr. Pierce, anything you want to tell me before I impose sentence?

THE DEFENDANT: I know I've did some wrong things, I know I didn't follow my probation to the extent that was set upon for me to. First time I was in RCF I did mess up, I know that, I accept that.

Pierce then explained to the court the circumstances of his disorderly conduct charge that led to his probation violation, saying "I acted wrong, and I know that. I accept that, and I do apologize to the Court for that."

Pierce went on to say:

[T]hat was all before I found out that I had a kid on the way, and that changed some matters, it changed some thought processes, and my aspirations are greater now that I found out what my life's going to come to, depending on the matters resting in this court.

Pierce understood he could have his deferred judgment revoked because of his probation violations but told the court: "I just want to be able to have a chance to try again with my family." At the prompting of his defense attorney, Pierce explained his educational plans and his goal to be a surgical technician. Finally, Pierce told the court he had been on probation on and off through his teen years but asserted: "I'm done being a kid and I want to be a man."

Citing *State v. Duckworth*, 597 N.W.2d 799, 800 (Iowa 1999), Pierce argues that although the district court allowed him to speak on the issue of revocation, he was not allowed to speak in mitigation of punishment. We are not persuaded by this argument. Pierce's case is a far cry from *Duckworth*. Duckworth testified at his revocation hearing, but the court "made no effort to provide Duckworth with an opportunity to volunteer any information in mitigation of his sentence." 597 N.W.2d at 801. By contrast, the court here referenced imposition of sentence in asking for

Pierce's input and Pierce offered mitigating information. We find substantial compliance with the allocution rule.

### IV.   Ineffective Assistance of Counsel

In his final assignment of error, Pierce argues his attorney was ineffective for not objecting when the State advocated for a prison term at the revocation hearing because the plea agreement specified the State would offer no recommendation as to sentencing. At the original sentencing hearing in April 2015, the prosecutor told the court: "Pursuant to the plea agreement, we have no recommendation regarding sentencing." At the probation revocation hearing in April 2017, the prosecutor told the court: "It's our recommendation at this time that the deferred judgment be revoked and that he be sentenced to prison." Defense counsel did not object to the State's recommendation for revocation and incarceration.

To prevail on his ineffective-assistance-of-counsel claim, Pierce must show counsel failed to perform an essential duty and counsel's omission resulted in prejudice. *See State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015) (explaining modification of prejudice prong when counsel fails to object to breach of plea agreement). Counsel has a duty to object when the State reneges on a plea agreement. *Id.* Therefore, the outcome of Pierce's appeal "turns on whether the prosecutor breached the plea agreement." *See id.* "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the

defendant of the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015).

On appeal, the State contends the county attorney kept her promise by refraining from a making a recommendation at the original sentencing hearing, paving the way for the district court to grant Pierce a deferred judgment. The State argues the original sentencing hearing marked "the end of the defendant's justified expectations." In the State's estimation, the prosecution did not agree to remain silent at all future probation revocation proceedings.

We conclude the scope of the plea agreement was limited to the original sentencing hearing, and therefore, the State did not breach the agreement by offering its view at the revocation hearing. *See State v. Windom*, 485 N.W.2d 832, 835 (Wis. Ct. App. 1992) ("To treat the sentencing after probation revocation as an integral part of the original sentence would bind the State to that plea agreement ad infinitum in all subsequent sentence hearings arising out of the original crime."); *see also People v. Jones*, 180 Cal. Rptr. 228, 233 (Cal. Ct. App. 1982) ("A consummated plea bargain does not insulate a defendant from the consequences of his future misconduct. A defendant gets the benefit of his bargain only once. Like time, a plea bargain once spent is gone forever."); *State v. Richmond*, 896 P.2d 1112, 1116 (Kan. Ct. App. 1995) (finding change in circumstances sufficient to relieve the State of its duty to adhere to the plea agreement upon revocation of the suspended sentence). Because the State did not breach the plea agreement, counsel was not ineffective.

Finding no error by the district court or defense counsel, we affirm Pierce's convictions and sentences.

**AFFIRMED.**